### KATE S. BAKER, Appellee, v. C. M. HOLLIS *et al.*, Appellants.

**Fraudulent Conveyances**: HUSBAND AND WIFE: CONSIDERATION. A husband conveyed to his wife all of his real and personal property, without consideration, and without change of possession. About four years thereafter the wife reconveyed said property to her husband, and while the property was so held the husband became indebted to the plaintiff. The husband being pressed for a settlement of such indebtedness, he again conveyed said property to the wife, said conveyance like the first being without consideration. Upon the trial both the husband and wife testified that the reconveyance from the wife to the husband was in trust, and that the last conveyance back to the wife was merely an execution of that trust. This testimony was not contradicted by any witness. *Held*, that the circumstances attending the execution of the conveyances rebutted the claim that there was any trust created, and that the last conveyance was fraudulent as against the creditors of the husband.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

TUESDAY, FEBRUARY 9, 1892.

THIS is a creditor's bill, by which the plaintiff seeks to subject certain real estate, the legal title to which is in the defendant Elizabeth Hollis, to the payment of a judgment recovered by the plaintiff against the defendant C. M. Hollis. There was a full hearing on the merits; and a decree for the plaintiff. The defendant Elizabeth Hollis appeals.—*Affirmed.*

*Thompson & Lanning* and *Davis & Voris*, for appellant.

*Cooper & Crissman*, for appellee.

ROTHROCK, J.—The facts in the case are substantially as follows: The defendants are husband and wife. They were married in the year 1873. In the

year 1878, C. M. Hollis conveyed substantially all of
his property, real and personal, to the defendant
Elizabeth C. Hollis. The conveyances of the real estate
and the bill of sale of the personal property were made
without consideration. There was no change of the
possession of any of the property. Part of the per-
sonal property consisted of a set of abstracts of title to
lands in Linn county, and C. M. Hollis continued to
use them the same as before the conveyance. No
account of the use of the property or of rents was kept
and rendered to Elizabeth Hollis. In the year 1882,
Elizabeth Hollis reconveyed the property to the said C.
M. Hollis, and the title so remained until April 4, 1889,
when the said C. M. Hollis again conveyed the same to
the appellant. All of these conveyances were made
without any valuable consideration, and without any
reservation whatever being expressed in the deeds.
They were all conveyances in fee simple, without cove-
nants of warranty. During the period from 1882 to
1889, while the title to the property was in C. M. Hollis,
he became indebted to the plaintiff, and an action was
commenced thereon in April 1889, and judgment was
rendered therein for about one thousand dollars, includ-
ing the costs of the action. By the transfer of the title
from C. M. Hollis to the appellant he became insolvent.
Upon these facts, without explanation, the appellant
cannot hold the property as against the creditors of
C. M. Hollis. The conveyance made in 1889 was
without consideration and to the prejudice of the
plaintiff. It is presumptively fraudulent, and it is
incumbent on the appellant to make some showing
upon which the conveyance can be sustained in equity.
That the conveyance is presumed to be fraudulent is
one of the recognized and elementary equitable prin-
ciples which does not demand the citation of authority
in its support.

The defendants claim that the reconveyance, made
by Elizabeth C. Hollis to her husband in 1882, was a

conveyance in trust, and that the conveyance to her in 1889 was merely an execution of the trust. It is sought to prove this alleged trust by parol, and both of the defendants testify thereto, and they are not contradicted by any witness. They seek to ingraft an express trust by parol upon a warranty deed. Whether this may be done as against a creditor we do not think it necessary to determine. In our opinion, the facts and circumstances attending the execution of all these conveyances rebut the claim that there was any trust created. The several conveyances and reconveyances were merely transfers of the title without consideration. The appellant is the second wife of C. M. Hollis. There are two children, the issue of the first marriage, and there are three children by the last marriage. The transfer of the title of the property in the first instance was to secure the property to the appellant and her children. When she reconveyed to the husband, he made a will, by which he devised all of his property to the appellant for life, with remainder to her children; and, in the event of the death of her and all of her children, then his whole estate was devised to Middlebury College, in the state of Vermont. Another most cogent reason why the claim of trust ought not to be sustained, and that the conveyance to the appellant made in 1889 ought not to prevail against creditors is, that it was executed and delivered on the day after a demand was made for a settlement of the claim upon which the plaintiff's judgment is founded. And there is no specific trust claimed to have been created. The defendants testify to a mere general arrangement that the property was to be conveyed back to the appellant. These circumstances, and others which might be named, when taken in connection with the fact that the defendants are seeking to change the effect of warranty deeds by parol evidence, leave but little doubt that the idea of a trust was not relied upon until it became necessary to defeat the collection of the

plaintiff's judgment; and that the shifting of the title from one of the defendants to the other from time to time were mere voluntary conveyances, without consideration, and that they ought not to be sustained as against creditors. The decree of the district court is AFFIRMED.