## Henry T. Ellis and Thomas H. Ford v. Elizabeth E. Petty.

1. ESTOPPEL—*Of Bailee.*—A person having received property from another as bailee or trustee, can not be heard to say that the property was not the property of such person.

2. FRAUDULENT TRANSFERS—*By Whom Impeached.*—A transfer of property by a person in his life may be impeached by creditors if it was a fraud upon them, but not by the administrator of such person. Subject to the rights of creditors, the title of the transferee is good.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed November 4, 1893.

The opinion states the case.

SALMANS & DRAPER and R. W. FISK, attorneys for appellants.

MABIN & LORD and H. C. ELLIOTT, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellee recovered a judgment for $965.65 against the appellants. The cause of action alleged may be briefly stated. The husband of appellee transferred to her certain money, notes and personal property, and soon after died, leaving his estate in a somewhat complicated condition. After his death, appellants received said money, notes and personal property from appellee, upon the trust to convert the same into money and apply the proceeds upon the debts of the deceased husband.

Appellee became dissatisfied with their course of proceeding, caused an administrator to be appointed, and brought this suit for the value of the assets so placed in their hands, which, as she alleged, they had failed to apply according to the agreement. It is now contended on behalf of appellants that the evidence fails to show the alleged misapplication.

We find much conflict in the proof, and much difficulty in reaching a satisfactory conclusion. The difficulty is increased by the imperfect way in which the abstract of appellants presents the testimony.

An abstract by appellee also has been filed, and after giving both these a full examination with same references to the record, we can not say the verdict is so strongly against the weight of the evidence as to warrant a reversal for this cause. Two juries have found the same way in the case, the last verdict being considerably larger than the first, and we are inclined to think the only serious question of fact is as to the amount of the damages.

The Hughes notes, amounting to some $1,500, were scaled down to less than $500, upon a settlement made by the appellants with Hughes, the maker of the notes. The amount thus lost was one of the items sued for, and a part, but not all of it, was allowed by the jury, as is manifest from the verdict. These notes were given by Hughes to the husband of appellee, for a half interest in a saw-mill, which mill was operated by Hughes during the lifetime of the appellee's husband and after his death.

It is claimed by appellee that while this settlement was made at her house, and in a certain sense in her presence, yet she really knew nothing about it; that it was made without her concurrence, and that the note which was taken for the balance agreed on in the settlement was left by the parties on her table and found there by her after they went away. She insists that there was no reason for such a reduction; that it was the result of gross incompetence or of corruption on the part of appellants; and while she kept the new note and has received some payments on it, yet, in the transaction, her rights were seriously affected, and that appellants should bear the loss so occasioned.

To her positive statement that the settlement was wholly erroneous, the appellants answer merely that she agreed and consented to it and therefore ought to be bound by it. Thus the issue seems to have been whether she did so consent and agree.

It is significant that the appellants did not explain the settlement; that they did not seek to show it was fairly made and that it was based upon items properly chargeable to the appellee. Their failure to do this and the attempt to support the settlement on the sole ground that appellee consented to it induces the suggestion that it would not bear the test of examination. The relative position of the parties, and the circumstances attending the matter, were such as to call for the utmost fairness and good faith on the part of appellants and to relieve the appellee from a stringent application of the rule by which acquiescence and want of objection may be considered tantamount to consent and agreement. We are content to rest upon the verdict of the jury as to this point as well as to other contested questions of fact which need not be specifically stated.

The legal point mainly urged by counsel for appellants is, that because the property was placed in the hands of the appellee by her husband, for the purpose of avoiding the payment of his debts, the transaction is void and the property belongs to the estate of deceased, and that an action for its misappropriation will lie at the instance of the adminis-

trator only. The transfer might be impeached by creditors, if it was a fraud upon them, but it could not be by the administrator, and subject to the rights of creditors the title of appellee was good. Appellants, having received the property from her as her bailees or trustees, can not be heard to say that it was not hers. Had the property been taken out of their hands at the instance of creditors a very different aspect would be presented. The court properly refused an instruction that the suit could be maintained only by the administrator. White v. Russell, 79 Ill. 155; Beebe v. Sautler, 37 Ill. 518.

It is urged the court erred in giving the following instruction at the instance of appellee:

"The court instructs you, that if you believe from the preponderance of the evidence that defendants, Henry T. Ellis and Thomas H. Ford, agreed with the plaintiff that they, the defendants, would jointly settle up and pay off the debts of the estate of Morris Ellis out of the proceeds that they might receive from the farm in question, and out of moneys, notes and personal property of plaintiff, and if you further believe from the preponderance of the evidence that defendant received money, notes and personal property of and belonging to the plaintiff, for that purpose, and if you further believe from a preponderance of the evidence that defendants converted any of said money, notes and personal property to their own use, and did not use and apply the same in settling up the estate of Morris Ellis, or in paying off the debts of said estate, that then the plaintiff would be entitled to recover the value of said notes or property thus converted, if the evidence shows that the same was converted."

The objection is that the instruction authorizes the jury to allow for the proceeds of the land, as well as for the money, notes and personal property. We think it does not bear such construction. The appellee was suing only for the personal assets placed in her hands by her husband. The land referred to in the evidence had been deeded by the husband to one Ruby and appellant Ford, and after the husband's death Ruby conveyed to appellant Ellis. Ford also

conveyed to Ellis, and for the consideration of $400, appel lee released her dower.

Afterward Ellis sold the land and realized some $2,100 above the mortgage placed thereon by the husband, and it appeared that it was understood by all parties that the proceeds of this land should be applied upon the indebtedness of the deceased husband.

These facts came out in the course of the proof, and while they showed a liability on the part of appellant Ellis, and perhaps also on the part of Ford, to account to the estate, yet it can not be contended that the appellee could maintain an action in that behalf.

If it could reasonably be said that the instruction probably did mislead the jury as to this item, the objection would be a very serious one; but after a careful reading of it in the light of the evidence and of the other instructions we feel constrained to overrule the objections.

The condition of recovery as made by the instruction was the misapplication of the " money, notes and personal property," and the recovery was to be for " the value of said notes or property thus converted."

This we think so explicitly stated and limited the basis upon which recovery must rest, as that the jury were not misled.

No other points are presented by the brief and the judgment of the Circuit Court will be affirmed.