## Louis E. Kinne, Adm. of Sebastian Spengel, vs. Emma Schumacher.

1. PROBATE COURTS—*Powers at Subsequent Terms.*—In the settlement of estates the Probate Court is vested with equitable as well as legal powers. It can, at a subsequent term, set aside an order allowing a claim against an estate, or for equitable reasons set aside or modify an order of distribution.

2. SETTLEMENTS OF ESTATES—*What Orders are not Final.*—An order of partial distribution is in no sense final so as to deprive the court of the power of correcting errors.

3. SAME—*Competency of Witnesses.*—Where, upon the final settlement of an estate, a question arises upon exceptions to the final report as to whether a deduction made from the share of an heir upon a former partial distribution was consented to, such heir is a competent witness.

Administration of Estates.—Exceptions to final report, etc. Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

HADLEY & BURTON, attorneys for appellant.

TRAVOUS & WARNOCK, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The questions involved in this case relate to the power of the Probate Court over its orders made in the settlement of estates; the admissibility of evidence, and the finding of the County and Circuit Courts sustaining an exception to

the final report of distribution of the administrator. In brief, the facts out of which these questions arise, are: Sebastian Spengel, deceased, the father of appellee, who was married to John Schumacher, was security for the latter on a note of $600, which in his lifetime he paid, but made no claim on John Schumacher for its repayment. This note, marked paid by the deceased, came to the hands of the administrator, who did not demand its payment by John Schumacher, the maker, but at the first distribution of the estate among the several heirs requested the amount of the note so paid, with interest, to be deducted from the distributive share of appellee, who was not legally bound to pay the same. The appellee claims she had no notice of an order for such distribution, though her husband, John Schumacher, had, and he, with other heirs, appeared at the time fixed by the administrator, but, as appellee claims, without her authority, and consented that such deduction from his wife's share might be made, and took to her a written receipt of the amount of her partial distributive share, less $801, the amount of such note and interest, evidencing in writing therein her consent to such deduction, which she signed, but, as she claims, without a knowledge of the effect or purpose thereof to deprive her of her legal share of the estate. The court made the order of partial distribution, recognizing such deduction, and appellee received her share less the amount of said note, which note was sent to her, but it appears her husband received it, and she afterward, as claimed, found it in his pocket. When the administrator gave notice of final distribution, appellee notified him that she objected to such deduction and had objections filed excepting to the final report in that regard. A hearing was had and the exception was sustained by the Probate Court, from which order an appeal was taken to the Circuit Court, where, on hearing, the exception was again sustained. On this hearing the husband of appellee testified to a conversation with deceased during his lifetime with regard to an advancement to his daughter to buy a home. Fifteen hundred dollars was wanted, but only $1,000 was given, be-

cause, as stated, of the payment of said note.   Another wit-
ness, disinterested, verified this conversation, which was not
denied, though another person was present, who testified
in this case.   The appellee also testified to conversations
with deceased in regard to the note.   Appellant objected to
the competency of appellee and her husband, as well as all
other evidence tending to attack the order of the court al-
lowing said deduction.   Several witnesses testified to con-
versations with appellee tending to show she knew of the
deduction and voluntarily consented to it.

On the question of fact as to such consent, the evidence
tends sharply to support it, but the courts below, before
which this case was tried, had the witnesses before them
and were better able to arrive at a correct conclusion than
this court.   There are circumstances which, if properly
proven, however, are corroborative of appellee's claim that
her father intended the amount paid by him on the note of
her husband as an advancement to her.   He had advanced to
another daughter, who was married, $1,500, and the testi-
mony shows that he said the $1,000 and the payment by him
of this note would make them equal.   The fact that he did
not ask appellee or her husband to pay this note during his
lifetime is another circumstance.   It is said that if he had
promised to treat that as an advancement it was not exe-
cuted by the delivery of the note and therefore it was incom-
plete.   But the note was marked paid, and was of itself an
evidence of indebtedness only collaterally to the legal liabil-
ity created by the surety's payment.   Therefore the fact of
its retention was not conclusive that the deceased did not
intend its payment by him should be considered as an ad-
vancement.   The appellant vigorously presses the claim that
the evidence on behalf of appellee was incompetent because
of its attack upon the order of partial distribution.   In this
counsel are in error.   The Probate Court, in the settlement
of estates, is vested with equitable as well as legal powers,
and can correct mistakes.   Schlink v. Maxton, 153 Ill. 447;
Shepard v. Speer, 140 Ill. 238.   It may set aside an order at
a subsequent term allowing a claim against the estate.   It

may set aside or modify an order of distribution, not arbitrarily, but for equitable reasons. Long v. Thompson, 60 Ill. 27. An order of partial distribution is in no sense final, so as to deprive the court of the power of correcting errors, if any. It still retains jurisdiction of the subject-matter for all purposes. The question of distribution only was involved in this case. The order of partial distribution was not like a judgment in favor of the estate on said note. The note was a mere incident in the distribution itself. For this reason the court had a right to inquire whether the deduction was voluntarily and intentionally consented to by appellee and whether she had notice. For this purpose the evidence offered was admissible.

It is not necessary for this court to determine whether the note paid by the deceased was treated by him as an advancement to appellee and therefore in satisfaction of a claim thereon by the estate against John Schumacher, and we do not assume to do so.

The judgment is affirmed.