HENRY C. SIFFORD, Admr., *et al.* Defendants in Error, *vs.* MATTIE CUTLER, Plaintiff in Error.

*Opinion filed February 16, 1910—Rehearing denied April 7, 1910.*

1. APPEALS AND ERRORS—*when freehold is involved in proceeding to sell land to pay debts.* In an ordinary proceeding by an administrator to sell land to pay debts no freehold is involved and the case should be reviewed by the Appellate Court, but where it is sought to set aside a deed of the deceased and subject the land to sale a freehold is involved and the Supreme Court has direct appellate jurisdiction.

2. DEEDS—*a conveyance in fraud of creditors is binding upon the parties.* As between the parties to a conveyance made in fraud of the grantor's creditors the deed is binding and the grantor retains no legal or equitable interest in the property, and it is only creditors who can assail the transaction.

3. SAME—*an administrator cannot seek to set aside intestate's deed as in fraud of creditors.* An administrator occupies the same position as the intestate with reference to a voluntary conveyance made by the intestate, and he cannot, in a proceeding to sell land to pay debts, have such conveyance set aside as fraudulent as to him and the creditors of the intestate, notwithstanding the amendment of 1887 to the Administration act, authorizing an administrator to petition to sell land to which the deceased "had claim or title" at his death. ₀

WRIT OF ERROR to the County Court of Union county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

RICHARD PEERY, for plaintiff in error.

JAMES LINGLE, for Henry C. Sifford; H. F. BUSSEY, for John W. Roy.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is a petition filed in the county court of Union county by the defendant in error, the administrator of the estate of Malinda Craver, deceased, to sell real estate to pay the debts of his intestate. It discloses that the personal property is insufficient to pay the debts, and asks, in addition to an order for a sale of the real estate of which the intestate died seized, to have an alleged fraudulent conveyance made by the deceased in her lifetime to Mattie Cutler, the plaintiff in error, set aside as in fraud of the creditors of the estate and the lands thereby conveyed sold. The petition alleges that this conveyance to the plaintiff in error was made a few days prior to the death of Malinda Craver without consideration, and at a time when the remainder of her real estate, together with her personal property, was insufficient to pay her indebtedness. Mattie Cutler demurred to the petition and the demurrer was overruled. She then filed her answer, denying that petitioner was entitled to any part of the relief prayed. Upon a hearing the court entered a decree, in which it was found that there was not sufficient personal property to pay the debts; that the conveyance from Malinda Craver to plaintiff in error was without consideration and void as to creditors. The decree then ordered said conveyance set aside as to the administrator and the creditors of the estate, and ordered the sale of all the real estate described in the petition, including that which had been so conveyed to plaintiff in error. This decree is brought to this court for review on the part of Mattie Cutler by a writ of error.

While the right of an administrator to institute proceedings to set aside the fraudulent conveyance of his intestate is not directly questioned by the assignments of error, it was put in issue by the pleadings, and a correct determination of the matters involved will require that question to be passed upon. In an ordinary petition by an administrator to sell real estate no freehold is involved, and the appeal

must be reviewed by the Appellate Court, either on appeal or writ of error. In this case the title of plaintiff in error is directly involved, and the same question is presented as though the grantor had brought an action in her lifetime to recover the freehold.

Under our statute an administrator or executor can petition only to sell the real estate to which the decedent "had claim or title" at the time of his decease. (*In re Estate of Stahl,* 227 Ill. 529.) It is a well settled principle of law that as between the parties to a fraudulent conveyance the deed is valid and binding and the grantor retains no legal or equitable interest in the property conveyed. It is only creditors who can question the fairness of the transaction. The right of an administrator to bring an action to set aside the conveyance of his intestate on the ground that it was fraudulent has never been recognized in this State. As to such a conveyance the administrator stands in the shoes of his intestate, and it cannot be contended that the deceased could have maintained such an action in his lifetime.

In *Beebe* v. *Saulter,* 87 Ill. 518, it was held that a purchaser at an administrator's sale of real estate to pay debts could not maintain a bill in chancery to set aside as fraudulent a deed made by the decedent in his lifetime, for the reason that, the decedent having had no title or claim of title at the time of his death, there was nothing for his administrator to sell.

In the case of *White* v. *Russell,* 79 Ill. 155, a bill in chancery was filed in the circuit court by one of the creditors of an insolvent estate, seeking to have a fraudulent conveyance of real estate set aside as to him. It was contended there that as the creditor's claim had been allowed against the estate, an application by the administrator was the only mode by which the decedent's interest in land could be reached. In commenting upon the general rule that proceedings for the sale of real estate to pay debts

must be by the administrator, this court said, referring to
such rule: "But it has its limitations, as, where a debtor
in his lifetime makes a fraudulent conveyance to hinder
or delay his creditors, such a conveyance, although void as
to creditors, is binding on his heirs and representatives.
Neither his heirs, executors nor his administrators can
maintain a bill to set aside the conveyance, as it is bind-
ing on them. This being true, the only mode of reaching
such property is by a bill filed by one or more of the cred-
itors of the estate."

In the earlier case of *Choteau* v. *Jones,* 11 Ill. 300, in
passing upon the same question, it was said: "It is con-
tended that an administrator may, for the benefit of credit-
ors, impeach a voluntary conveyance made by his intestate.
We are satisfied that this position cannot be sustained. An
administrator is authorized by statute, after he has ex-
hausted the personal estate in the payment of debts, to ap-
ply to the circuit court and obtain leave to sell so much of
the real estate of which the intestate *'died seized'* as will
be sufficient to discharge the residue of the debts. John
Rice Jones did not die seized of the premises in question.
The title had forever passed out of him. The deed was
binding upon all the world but creditors and subsequent
*bona fide* purchasers. They alone could defeat the estate
of the grantees. The deed was good against the heirs and
personal representatives of the grantor. The former could
take no greater estate than their ancestor had; the latter
could assert no greater right than his intestate might have
done. An administrator is not the agent or trustee of
creditors for the purpose of avoiding a fraudulent convey-
ance. He is the representative of the intestate and suc-
ceeds to his rights and interests. He stands in his place
and is bound by his acts. Whatever was binding on the
intestate is binding on his administrator. He is clothed
with no greater power than the intestate possessed. He
can no more call in question a voluntary deed than could

the intestate himself. His powers, in the absence of statutory regulation, are confined to the personal estate. His authority to sell the real estate is derived from statute, and that restricts him to real estate of which the intestate was seized at the time of his death,—in other words, to such real estate as the intestate, while in life, had the right to alien and convey."

The statute referred to in the decision of the latter case was not the same as the statute now in force, but the effect of it was the same so far as the determination of this question is concerned. That statute provided that the administrator might sell so much of the real estate of which the intestate "died seized" as would be sufficient to discharge the indebtedness, whereas the present statute provides that the administrator may sell so much of the real estate to which the intestate "had claim or title" as may be necessary to satisfy the indebtedness. The amendment of 1887 to section 101 of the Administration act did not so enlarge the powers of an administrator as to enable him, in a petition to sell real estate to pay debts, to have declared as fraudulent, and set aside as to him and the creditors of the estate, a voluntary conveyance of real estate made by his intestate. It cannot be contended that were Malinda Craver living she would have the right to have set aside as fraudulent her voluntary conveyance to plaintiff in error. Her administrator has no greater rights in that particular than she would have if living.

The decree of the county court in setting aside the conveyance to plaintiff in error and ordering the land conveyed to her to be sold was erroneous and must be reversed. Under this view of the case it will not be necessary to note the other points raised by plaintiff in error.

The decree of the county court is reversed and the cause is remanded.        *Reversed and remanded.*