James L. Swayer, Administrator, Appellee, v. Clara B. Wiemers et al. (Cooke, Pope & Pope, Appellants.)

Gen. No. 5,780.

1. Appeal and error, § 43*—*court to which appeal lies from orders of County Court in administration of estates.* Appeals from the orders of the County Court in the administration of personal estates of deceased persons go to the Circuit Court, but appeals from orders or decrees of the County Court to sell real estate to pay debts must be to the Appellate Court, unless a freehold is involved, in which latter case they go to the Supreme Court.

2. Appeal and error, § 43*—*when an order of County Court relates to proceeding to sell real estate.* An order of the County Court on petition to sell real estate determining the rights of the several parties growing out of their supposed liens on the real estate, and deciding how distribution of proceeds from the sale should be distributed between such lienors, is an order relating solely to the pro-

*See Illinios Notes Digest, Vols. XI to XIV, same topic and section number.

ceeding to sell real estate to pay debts, and an appeal therefrom does not lie to the Circuit Court.

3. Executors and administrators, § 383*—*jurisdiction of County Court.* County Court in a proceeding to sell real estate to pay debts has jurisdiction to set aside a judgment as fraudulent.

4. Executors and administrators, § 12*—*when regular order for continuance not necessary.* Section 21 of the Circuit Court Act, J. & A. ¶ 3019, which continues all proceedings not disposed of at the end of the term, applies to the County Court in a proceeding to sell real estate to pay debts.

Appeal from the Circuit Court of Lake county; the Hon. Charles Whitney, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913.

Paul MacGuffin, Ray F. Fowler and J. D. Pope, for appellants.

Chipman & Jackson, Ernest S. Gail and David H. Jackson, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

On July 11, 1912, an order was entered in the County Court of Lake county in a matter pertaining to the estate of William F. Wiemers, deceased, which order was adverse to the interests of Cooke, Pope & Pope. They appealed therefrom to the Circuit Court and perfected the appeal and filed a transcript of various proceedings of the County Court, including a part of said order of July 11, 1912. After various special appearances, motions to dismiss the appeal made by parties whose interests were adverse to Cooke, Pope & Pope, and other proceedings in the Circuit Court, which we deem it unnecessary to recite, the court required Cooke, Pope & Pope to file a transcript of the entire order appealed from and when that had been done, the court dismissed their appeal for want of jurisdiction, and Cooke, Pope & Pope prosecute this appeal from that order. Appeals from the orders of the County Court in the administration of the personal

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

estates of deceased persons go to the Circuit Court, but appeals from orders and decrees entered in proceedings in the County Court to sell real estate to pay debts must be to the Appellate Court, unless a freehold is involved, in which latter case they go to the Supreme Court. *Wachsmuth v. Penn Mut. Life Ins. Co.*, 231 Ill. 29; *Atherton v. Hughes,* 239 Ill. 632; *Sifford v. Cutler,* 244 Ill. 234, and cases there cited. If the order appealed from was a part of the proceedings to sell real estate to pay debts in said estate, then the appeal of Cooke, Pope & Pope should have been to this court, and the appeal to the Circuit Court was properly dismissed for want of jurisdiction. If the order appealed from related to the ordinary administration of said estate, then the Circuit Court should have taken jurisdiction and tried the matter *de novo*.

On December 21, 1909, William F. Wiemers died, testate, and James L. Sawyer was appointed administrator with the will annexed and qualified. Thereafter said administrator filed a petition in the County Court to sell real estate to pay debts of said deceased. All parties interested were made defendants, including persons holding liens by way of trust deeds upon various pieces of real estate of which Wiemers died seized, and also creditors who had judgment liens upon said real estate. The transcript of the County Court proceedings, filed in the Circuit Court, is exceedingly defective, but it appears therefrom that several cross petitions were filed by the widow and by other judgment creditors in the County Court in said proceeding, which cross petitions attacked the validity of the judgments of Cooke, Pope & Pope and George F. Wiemers. On December 10, 1910, a decree was entered in said cause. It found many facts proved, including a list of many pieces of real estate of which Wiemers died seized, a description of the homestead, and a statement of the widow's rights therein, a statement of various trust deeds resting on various pieces

of real estate and of the amounts due upon each, a statement of various judgments against Wiemers which were liens upon said real estate, the first of which in point of time was a judgment by confession in favor of appellants on November 23, 1909, for $2,363.46, and a statement of other later judgments in favor of other parties, including one on December 4, 1909, for $814.75 in favor of George F. Wiemers. It found that it was for the best interests of the estate that the real estate should be sold free from the judgment liens and subject to the liens of the trust deeds, and that the judgment creditors had consented that the real estate be sold free of their liens and that they be paid the amounts due them out of the proceeds of the sale, and it provided that the land should be sold free and clear of the dower and homestead rights of the widow. It ordered the sale of the real estate free from the judgments and subject to the trust deeds. It directed that from the proceeds of the sale costs and attorney fees should be paid, and that from the proceeds of the sale of each piece should be paid the value of the dower interest of the widow in such piece, and from the sale of the homestead should be paid $1,000 to the widow, and then the judgments should be paid; but if the sum remaining after paying costs and the value of the dower and homestead estates was not sufficient to pay all said judgments in full, then the administrator should pay the various judgment creditors "in the order of their priority to be hereinafter determined by the court." On July 11, 1912, the order appealed from was entered. It is entitled in the petition to sell real estate to pay debts and also in three cross petitions, one of which was by most of the judgment creditors other than Cooke, Pope & Pope and George F. Weimers. It recited the prior proceedings and the decree of December 10, 1910, for the sale of the real estate and for the distribution of the proceeds, and the provision that if the proceeds were not suffi-

cient to pay all the judgments, they then should be paid in the order of their priority, to be thereafter determined by the court; and that the real estate had all been sold and that the net proceeds were insufficient to pay said judgments, and that the judgment in favor of Cooke, Pope & Pope, if permitted to stand, would absorb all the money derived from the sale of real estate, and that there was no other money belonging to the estate, and that there had been no adjudication as to the validity or priority of any of said judgments with reference to each other. The order then found the date of each judgment and the amount due thereon, except the judgments in favor of George F. Wiemers and of Cooke, Pope & Pope, and it found in detail many facts against their validity and that said judgments and the notes upon which they were based were obtained with intent to defraud the creditors and especially the other judgment creditors and the widow. It decreed that the judgment in favor of Cooke, Pope & Pope and the judgment in favor of George F. Wiemers be set aside and declared fraudulent and void as to the other judgment creditors and the widow and that the other judgments and the widow be paid out of the proceeds of the sale of real estate in the order therein prescribed, and that, if any funds remained after such other judgments and the widow were paid, the residue should be paid pro rata upon the judgments of Cooke, Pope & Pope and George F. Wiemers.

In our opinion the foregoing statement of the decree for the sale of the real estate and of the substance of the order of July 11, 1912, demonstrates that the latter order related solely to the proceeding to sell real estate to pay debts. The court was there determining the rights of the several parties growing out of their supposed liens upon said real estate and was there deciding how the proceeds arising from the sale of the real estate should be divided among said lienors. The

order had nothing to do with the personal estate, except to find that there was none left. Appellants contend that the County Court had no power to set aside a judgment of the Circuit Court as fraudulent but that a suit in chancery must be resorted to for that purpose. *Clayton v. Clayton,* 250 Ill. 433, holds that, under section 101 of the Administration Act as amended in 1887 (J. & A. ¶ 150), such a controversy as this is within the jurisdiction of the County Court in proceedings to sell real estate to pay debts. But if the County Court committed an error in attempting to adjudicate upon that question in distributing the proceeds of the sale of this real estate, yet the appeal to correct that error should have been to the Appellate Court. Appellants contend that the decree of December 10, 1910, found the order of priority of the several judgments and was final and could not be disturbed by the order of July 11, 1912. If this were true, it did not give the right of appeal to the Circuit Court to correct the error. After the decree of sale of December 10, 1910, regular orders of continuance of said proceeding to sell real estate to pay debts were not entered. Appellants contend that the statute which continues cases pending in the Circuit Court from term to term without any formal order is not applicable to proceedings to sell real estate to pay debts in the County Court, and that, for want of proper orders of continuance from term to term, the County Court lost jurisdiction to enter the order of July 11, 1912. We are of opinion that this position is unsound and that the County Court retained jurisdiction of said proceeding to pay debts until the land had all been sold and the proceeds thereof had all been distributed. Said section 101 of the Administration Act (J. & A. ¶ 150) provides that the practice in proceedings to sell real estate to pay debts shall be the same as in cases in chancery. We are of opinion that this brings such proceedings within section 21 of the Circuit Court Act

(J. & A. ¶ 3019), which continues all proceedings not disposed of at the end of the term. But, if this were not so, still this was an effort by the County Court to act in the proceeding to sell real estate to pay debts, and, if it erred in taking such jurisdiction and action, nevertheless the action was in a proceeding to sell real estate to pay debts and such erroneous action could only be corrected by an appeal to the Appellate Court, no freehold being involved. On June 26, 1911, the administrator filed two papers in the County Court in said estate, one of which he called a final account and the other a final report. The final account reported all of the administrator's receipts and disbursements, including receipts from the sale of real estate and disbursements for costs and attorney fees in the proceeding to sell real estate to pay debts. The final report itemized the receipts of personal property and stated the totals of claims allowed, and gave a long account of valueless personal assets and of the situation of the proceeding to sell real estate to pay debts, and that the court had not yet determined the priority of said judgments, and it asked that the administrator be allowed to pay the balance in his hands to the clerk of the court for the benefit of the judgment creditors as their priority might thereafter be determined, or that the court would enter an order determining the priority of said judgments and directing the administrator to pay the same, and that he might be directed to pay the widow all the personal property and assets and might be discharged. Appellants contend that in entering the order of July 11, 1912, the court was acting, not in the proceeding to sell real estate to pay debts, but upon those papers filed by the administrator. We cannot concur in this view. The administrator had no power to thus terminate a proceeding to sell real estate to pay debts and such was not the purpose of the papers he filed. The order made no reference to said papers. Cooke, Pope &

Pope had had their judgment allowed as an ordinary claim against the estate and were thereby entitled to share in the distribution of the personal estate, if any personal estate had been left to apply upon the seventh class claims. But there is nothing to show that the other judgment creditors had presented their judgments as ordinary claims, and it is manifest that they had not done so.

They had no standing to attack the validity of the judgments of Cooke, Pope & Pope and George F. Wiemers, except in the proceeding to sell real estate to pay debts, and that is where the controversy was tried and determined.

The appellants threw this cause into much confusion by taking a transcript from the County Court of many things which in fact have no bearing upon or relation to the order of July 11, 1912, and by omitting from the transcript many papers which directly related to that order and that proceeding, such as the answers and cross petitions, but when the wheat is separated from the chaff it is entirely clear that the order of July 11, 1912, was in the proceeding to sell real estate, and could not be removed to the Circuit Court by appeal. The order of the Circuit Court is affirmed.

*Affirmed.*

Mr. PRESIDING JUSTICE WHITNEY, having tried the case in the court below, took no part in this decision.