DIRKS, Appellant, v. UNION SAVINGS ASSOCIATION et al,
Respondents.

(168 N. W. 578).

(File No. 4330.   Opinion filed July 22, 1918.)

1.  **Gifts—Stock Certificates, Voluntary Transfer of—No Endorsement, Or Book Transfer, Effect.**

    Where a corporate stock certificate was voluntarily and without consideration delivered by the husband to his wife as a gift, but was never endorsed by him, nor transferred to her on corporate books, held, that title and ownership thereby passed to the wife, but the title so passed was qualified and subject to be set aside for constructive fraud upon assignor's creditors.

2.  **Fraudulent Conveyances—Stock Certificate, Insolvent Husband's Assignment to Wife Without Consideration—Suit By Assignor's Administrator to Avoid Transfer, Whether Maintainable—Statute.**

    Where an insolvent delivered a corporate stock certificate to his wife without consideration, and the wife, after husband's death, turned same over to the administrator of his estate without intending to part with any right or interest therein, held, that the administrator could sue in equity to avoid the alleged gift, title thereto having passed subject to be set aside for actual constructive fraud upon decedent's creditors.   So held, construing Prob. Code, Sec. 250, authorizing an administrator when there is deficiency of assets in his hands, and when decedent in his lifetime conveyed personalty with intent to defraud his creditors, etc., to sue for recovery of same for benefit of creditors of the estate.

3.  **Same—Insolvent Husband's Voluntary Transfer to Wife By Gift—Affection as Consideration—Effect re Fraud—Setting Aside.**

    As between husband and wife, a voluntary transfer of property by gift in consideration of love and affection only is a good consideration, but is not a sufficient consideration as against donor's creditors; since such transfer operates as a constructive and actual fraud upon creditors, and may be set aside at their suit, although the parties to the transfer may not have intended to commit such fraud.   So held, where donor knew at the time, of his insolvency; the law imputed to him constructive intent to hinder and delay creditors.

Appeal from Circuit Court, Brule County.   Hon. FRANK B. SMITH. Judge.

Action by Suzanne C. Dirks, against Union Savings Association, a corporation and Guy Kelley, as administrator of the estate of Peter B. Dirks, deceased, to establish ownership in plaintiff of

34—Vol. 40, S. D.

a savings association certificate. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

E. E. Wagner, and G. J. Danforth, for Appellant.

E. R. Slifer, for Respondents.

(1) To point one of the opinion, Appellant cited:

Glendhill v. McCombs (Me.) 86 Atl. 247; 45 L. R. A. (NS) 26; Bond v. Bean (N. H.) 57 Atl. 340.

Respondents cited:

19 R. C. L. 943.

(2) To point two of the opinion, Appellant cited:

11 R. C. L. Sec. 309, page 271; Sifford v. Cutler, 91 N. E. 438; 18 Am. & Eng. Ann. Cases 36 and note; Sec. 250, Prob. Code.

Respondents cited:

Seybold v. Grand Forks Nat. Bank, 67 N. W. 683; Borneman v. Lidlinger, 33 Am. Dec. 626.

(3) To point three of the opinion, Respondents cited:

Hall v. Feeney, 22 S. D. 541.

McCOY, J. Plaintiff brought this action to be adjudged the owner of a certain savings certificate. Findings and judgment were in favor of defendants, from which plaintiff appeals on the ground that the findings do not support the judgment. The facts as stated in the complaint and as found by the court are, in substance, that about a week prior to his death the late Peter B. Dirks, plaintiff's husband, voluntarily and without consideration gave her a certificate representing ten shares of the stock of the Union Savings Association, by delivering said certificate to her and promising to indorse the same so that it would be transferred on the books of said association; that the plaintiff took and retained said certificate until after her husband's death, and, without intending to part with any right or interest therein, she turned it over to the administrator of the estate, together with other papers; that said certificate of stock had a book value of $977.57; that said certificate was never indorsed by said Peter B. Dirks, and the said stock was never transferred to the plaintiff on the books of said association; that at the time said certificate was so given and delivered to plaintiff, the said Peter B. Dirks was indebted to various creditors in the sum of about $150,000, and that the assets of his estate did not exceed in value the sum of $60,000; and that the estate of said

Peter B. Dirks is and was insolvent at the time when he gave said certificate to plaintiff. From the facts so found the trial court concluded that the said certificate of stock was given to plaintiff by her husband without any consideration therefor at a time when he was insolvent, and that therefore the said gift was a fraud upon his creditors, and that the same should be held to belong to the estate of said decedent, as assets, and not to the plaintiff.

[1, 2] By this appeal the appellant presents the questions, Did the ownership of the certificate pass to the plaintiff, and are the findings of fact sufficient to sustain the judgment giving the certificate to the defendant administrator for the benefit of the estate of the decedent, in that the complaint did not allege nor the findings state that said gift was made with intent to defraud creditors. As to the first proposition, we are of the view and so hold that title to the said certificate did pass to the plaintiff, but that the title so passing was qualified and subject to be set aside, under the circumstances of this case, as an actual constructive fraud upon the creditors of said decedent. Some contention is made, and authorities cited, to the effect that the administrator could not sue in equity to avoid the gift where title had passed by conveyance made, by deceased in his lifetime, to defraud creditors. This seems to be the general rule, in the absence of statute, prevailing in many jurisdictions; but it certainly is not the rule in this jurisdiction. Under the statute of this state (section 250, Probate Code) an administrator is expressly authorized to maintain this kind of action, when there is a deficiency of assets to pay the creditors of a decedent. Section. 250 of our Code is the same as section 1589, Code Civ. Pr. of California. This section of the California Code has been frequently construed by the courts of that state. Ohm v. Su.pr. Ct., 85 Cal. 545, 26 Pac. 244, 20 Am. St. Rep. 245; Field v. Andrada, 106 Cal. 107, 39 Pac. 323; Shields v. Nathan, 12 Cal. App. 604, 108 Pac. 34; Smith v. Ins. Co. (C. C.) 57 Fed. 133; Sifford v. Cutler, 244 Ill. 234, 91 N. E. 428, 135 Am. St. Rep. 326, 18 Ann. Cas. 36, and note.

[3] As between husband and wife a voluntary transfer of property by gift in consideration of love and affection only is a good consideration as between them, but it is not a sufficient consideration as against creditors of the donor. Such a transfer operates as a constructive and actual fraud upon creditors, and may be set aside

at the suit of creditors, although the parties to the transfer may not have had in mind any actual present intent to commit such a fraud. The effect is the same in either case, whether fraud was intended or not; when the donor is insolvent. In the eye of the law every one is presumed to intend the natural consequences of his own acts. At the time the gift in question, Peter B. Dirks must have known of his insolvency, and the law will impute to him a constructive intent to hinder and delay his creditors in the collection of their debts by the making of the gift in question. 20 Cyc. 522; Moore on Fraudulent Conveyances, 263; Whitehouse v. Bolster, 95 Me. 458, 50 Atl. 240; Gardiner Sav. Inst. v. Emerson, 91 Me. 535, 40 Atl. 551; Baker v. Hollis, 84 Iowa, 682, 51 N. W. 78; Shaw v. Manchester, 84 Iowa, 246, 50 N. W. 985; Millholland v. Tiffany, 64 Md. 455, 2 Atl. 831; Knight v. Kidder (Me.) 1 Atl. 142, and note; Houston v. Blackman, 66 Ala. 559, 41 Am. Rep. 756; Woodruff v. Bowles, 104 N. C. 197, 10 S. E. 482; Smith v. Ins. Co. (C. C.) 57 Fed. 133. Intent to defraud on the part of the donor alone is sufficient to avoid the gift. Bump on Fraudulent Conveyances, p. 268

Finding no error in the record, the judgment appealed from is affirmed.