Fannie H. Depue, Executrix of the Last Will and Testament of George W. Depue, Deceased, Petitioner and Appellee, v. Julian H. Heberling, Executor of the Last Will and Testament of Aaron T. Depue, Deceased, et al., Defendants. J. Melvin Gregory, Appellant.

Gen. No. 8,196.

Opinion filed May 2, 1928.

SCOTT W. LUCAS, for appellant.

DAILEY, McCORMICK & RADLEY, for Fannie H. Depue, Appellee.

CLARENCE W. HEYL, for Samantha A. Depue, defendant.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This appeal is from that part of the decree of the county court of Mason county, rendered in the matter of the petition to sell real estate to pay debts in the estate of George W. Depue, deceased, namely, that part by which the appellant's claim, which had been filed against the estate of Aaron T. Depue, deceased, was held to be invalid and set aside. It appears from the petition which was filed by Fannie H. Depue as executrix of the estate of George W. Depue, deceased, that the title to the real estate involved in the proceeding had been devised to the deceased by the last will of his brother Aaron T. Depue, who had preceded him in death and whose estate was being administered in the same court. Aaron T. Depue at the time of his death was a resident of the State of Michigan, and at the time of the filing of the petition in this proceeding, ancillary administration had been granted and was still pending in the county court of Mason county, and apparently there was also a deficiency of personal

property in the estate of Aaron T. Depue, mainly due to the allowance of a claim of the appellant James Melvin Gregory against that estate for the sum of $7,853.23. The validity of this claim and the legality of its allowance by the county court of Mason county was one of the controverted matters in the proceeding to sell the real estate to pay debts referred to. The findings in the decree concerning the appellant's claim are as follows:

"The Court further finds that on November 1st, 1924, one of the defendants herein, James Melvin Gregory, filed in this court what purports to be a copy of claim prior thereto filed by him in the Probate Court of Menominee County, Michigan, against the estate of Aaron Thompson Depue, deceased; that said copy of claim was not verified by the affidavit of the said James Melvin Gregory, or by the affidavit of anyone for him, and that the said copy of claim as filed by him was not sufficient to give this Court jurisdiction; that on account of inadvertence or mistake the said copy of claim was allowed by this Court as a claim against the estate of the said Aaron Depue, deceased, in the sum of $7,853.23; that the said claim was allowed prior to the day fixed for adjustment day in said estate, and the said Court was without jurisdiction to allow said claim as a claim against the estate of Aaron Thompson Depue, deceased; that the said judgment and the record thereof in this court of the allowance of said claim should be set aside and for naught held.

"The Court further finds from the evidence that the said James Melvin Gregory is not entitled to recover anything by his said alleged claim, and that the same should be disallowed, and that there are no other claims now pending and undisposed of against said estate of said Aaron T. Depue, deceased."

That part of the decree involving the validity of the appellant's claim and the legal propriety of setting it

aside and expunging the record of its allowance are the only matters involved in this appeal.

The record discloses the following facts, namely, that Aaron Depue, deceased, prior to the year 1916, had been a resident of Mason county; that in 1916 he removed to the State of Michigan where he died testate on the 28th day of June, 1922; that at the time of his death he owned the farm in Mason county, consisting of about 320 acres, which is involved in this controversy. He left surviving him his widow, Samantha A. Depue, his brother, George W. Depue, and his nephew, James Melvin Gregory, the appellant, but left no child or children nor descendants. The will of Aaron T. Depue was probated in Menominee county, Michigan, and by his will he devised the real estate in question to his mother, Mary A. Depue, for life, and subject to the life estate of his mother, he devised it to his brother, George W. Depue. The mother died January 12, 1919, thus leaving George W. Depue owner in fee simple of the farm land in question, but subject to the rights of any creditors of Aaron T. Depue, deceased. After the probate of the will of Aaron T. Depue in Michigan, it was filed in Mason county and ancillary administration was taken out on the estate at the instance of Julian H. Heberling, who had been named as executor in the will, and Heberling was appointed executor by the county court of Mason county and qualified as such about the 13th day of October, 1924. He filed an inventory and fixed the first Monday of the following December term of the county court, 1924, as adjustment day, and notice was given to creditors by publication and posting notices, as required by the statute.

On October 1, 1924, before the time fixed for the adjustment of claims against the Aaron T. Depue estate, the clerk of the county court of Mason county received a written document from some one whose identity is not disclosed by the record. The written document

was apparently a copy of a claim which the appellant had filed against the estate of Aaron T. Depue in Menominee county, Michigan, and it was certified as such by the judge of Menominee county. This copy of appellant's claim filed in Michigan is as follows:

"State of Michigan,
The Probate Court for the County of Menominee
Estate of A. T. Depue, deceased.
    To James M. Gregory, Dr.
                    Address   Shingleton, Mich.,

A one-third interest in the Estate of Mary
M. Depue, deceased, of Mason County, Illi-
nois, of which A. T. Depue was the Admin-
istrator.                                       $6549.49
Interest thereon at the rate of 6% per an-
num from May 1, 1920                             1148.82
                                                ————————
                                                $7698.31

July 22.   Expense in accompanying remains
           of A. T. Depue from Faithorn, Mich.,
           to Easton, Ill.                        100.00
Oct. 23.   Expense Shingleton, Mich., to Me-
           nominee, Mich., to assist in Probating
           Will of A. T. Depue                     25.00
                                                ————————
                                                $7823.31

(Settlement with the other heirs in the Estate of Mary M. Depue was made May 1, '20, the Administrator withheld settlement with the signer of this claim, using his share in purchasing a farm property near Faithorn, Mich., with the understanding that interest would be paid thereon until final settlement was made.)

        State of Michigan,    ⎱ ss.
        County of Menominee ⎰

    James M. Gregory, being duly sworn says:  I reside in the County of Alger, Michigan.

The foregoing statement of account against the estate of A. T. Depue, deceased, is a true and correct statement, and said account is a just claim against said estate.

There is now due and unpaid on said claim, over and above all legal set-offs, the sum of Seventy-Eight Hundred Twenty-three—31/100—dollars.

James M. Gregory

Subscribed and sworn to before me this 6th day of April A. D. 1923.

Glen E. Sanford

(Seal)    Notary Public, Menominee County, Mich.''

From the testimony of the county clerk it appears that he filed this copy of appellant's claim, which had been filed against the estate of Aaron T. Depue in Michigan, as a claim against the estate of the deceased then pending in the county court of Mason county on the day he received it, namely, November 1, 1924; that on the day he received the claim, Heberling, the executor of the estate, came into his office and requested him to write a waiver of process and entry of appearance on the back of the claim, which he did; that Heberling signed the waiver and entry of appearance as executor, and then took the claim to the county judge. Heberling testifies that he told the county judge that he wanted the claim allowed. The county judge indorsed upon the wrapper inclosing the claim, ''Approved, November 1, 1924, John Greenway, County Judge,'' and thereupon returned it to the clerk. The county clerk evidently regarded the indorsement of the county judge as an order for the allowance of the claim, and entered the following order in the record of claims against estates:

''Now on this day comes J. Melvin Gregory and presents to the Court his claim against said estate; also comes said executor, enters his appearance herein and waives service of process and makes no objection to the allowance of said claim. And the Court having

heard the evidence on said claim, finds said claim to be just and unpaid. It is, therefore, ordered by the Court that said claim be allowed and classified as follows:

"Claimant. J. Melvin Gregory; class,..........; amount, $7,823.31."

The claim on its face did not purport to be a claim against the estate of Aaron T. Depue, deceased, in Mason county, and was not sworn to as a claim against the estate in Mason county. The waiver of process and entry of appearance by the executor did not make it a legal claim against the estate; nor did the oral request of the executor make a proper legal basis for the allowance of the claim as a valid claim against the estate; nor could such request take the place of proof of how much, if anything, was due on the claim from the estate, or in what class the claim should be allowed. No evidence was adduced or heard by the court at any time concerning the validity of the claim nor the class to which it belonged, as required by the statute; nor did the court make any order allowing the claim against the estate. The indorsement on the wrapper of the claim indicating an approval of it by the court was not an adjudication by the court that the claim was just and unpaid; nor what if any amount was due the claimant; nor in what classification it was legally entitled to be entered.

The county court is without jurisdiction to allow claims against estates except such as constitute an indebtedness against an estate, and except in the manner provided for by the statute. *Bocock v. Leet,* 210 Ill. App. 402. And "the classification of a claim is as much a part of the judgment as that of the allowance of the claim." *Ford v. First Nat. Bank,* 201 Ill. 120. It appears from the original claim filed, which has been certified up to this court for inspection, that the entry of appearance and waiver of process which had been indorsed on the back of the claim by the executor

was afterwards canceled and withdrawn, and the record also discloses that thereafter the executor filed a motion to dismiss appellant's claim, for the following reasons:

"1. That said claim was not filed in this court or presented as required by statute, on or before the second Monday of December, 1924, the day fixed by the executor as adjustment day.

"2. That no summons or notice was issued or served upon the executor after said claim was filed, and on account of the failure to issue summons or notice and have same served upon the executor, the said claim is now barred by the Statute of Limitations.

"3. Said claim is not verified by the oath of complainant before an officer authorized by law to administer an oath.

"4. Said claim as filed is not in the form required by statute.

"5. Under the Statute of Illinois said claims cannot be allowed for the reason that it was not filed before adjustment day as fixed by the executor, and when same was filed no summons or notice was issued and served upon the executor.

"Wherefore, this executor prays the Court will dismiss said claim.

Julian H. Heberling,<br>
Executor of the Last Will and<br>
Testament of Aaron Thompson Depue,<br>
Deceased."

This motion by the executor for dismissal of the claim came up for hearing before the court and was contested by the appellant, who was represented by his attorney at the hearing. Upon the hearing of the matter the court dismissed the claim. The appellant thereupon prayed an appeal to the circuit court from the order dismissing his claim and perfected his appeal. When the matter came up for hearing in the circuit court on appeal, the claim was again dismissed

at appellant's costs, and this was the state of the record, concerning appellant's claim, at the time of the entry of the decree of sale in question.

It is contended by the appellant, however, that the order of dismissal did not do away with the force and effect of the judgment entered in the court record of claims, allowing appellant's claim. It is sufficient to say concerning this contention that the allowance of appellant's claim never had legal force or effect as a judgment because it was not entered by the clerk pursuant to any order of the court allowing the claim, and was not based on the statutory requisites for the allowance of claims against estates. It was not an adjudication by the court that it was legally entitled to allowance as a just claim against the estate. *Kingan & Co. v. Estate of Burns,* 104 Ill. App. 661. Even if the claim had been found to be a valid claim and allowed against the estate of Aaron T. Depue in Michigan, that would not have been a sufficient legal basis for its allowance against the decedent estate in the county court of Mason county. "A judgment against an administrator in one State is no evidence of indebtedness against another administrator of the same decedent in another State, for the purpose of affecting assets received by the latter under his administration." *Rosenthal v. Renick,* 44 Ill. 202; *Elting v. First Nat. Bank of Biggsville,* 173 Ill. 368; *McGarvey v. Darnall,* 134 Ill. 367; *Strauss v. Phillips,* 189 Ill. 9. And in *McGarvey v. Darnall, supra,* the court pointed out that a judgment against an administrator in one State is not competent testimony to show a right of action against either a domicilary or ancillary administrator in another State, or to affect the assets in such other State. It is well settled that the county or probate court has general and unlimited jurisdiction in matters of administration, and in the exercise of equitable powers may, in proceeding for the sale of real estate to pay debts, set aside its own order allowing a claim

against an estate if mistake or fraud has intervened. *Schlink v. Maxton,* 153 Ill. 447; *Ford v. First Nat. Bank,* 201 Ill. 120, 122; *Whittimore v. Coleman,* 239 Ill. 450; *Kinne v. Schumacher,* 65 Ill. App. 342; *Swayer v. Wiemers,* 182 Ill. App. 651. In *Ford v. First Nat. Bank, supra,* the Supreme Court said: ''It is contended by the appellee that the probate court is clothed with a broad jurisdiction over all probate matters, and may look into and correct the allowance of claims after the term at which they are allowed. This is true as between the creditors and the heirs-at-law upon a petition filed for the sale of real estate to pay debts.''

We are of opinion, therefore, that the county court properly ordered the judgment of allowance of appellant's claim which had remained on the records of the court to be set aside and expunged.

A motion was made by the appellee to dismiss this appeal on the ground that the appeal should have been taken to the circuit court. We took the motion with the case. It is apparent from what is set forth in the foregoing opinion that the appeal grows out of a decree of the county court entered in a proceeding to sell real estate of a decedent to pay debts, and that therefore the appeal was properly taken to this court. *Atherton v. Hughes,* 239 Ill. 632; *Sifford v. Cutler,* 244 Ill. 234; *Wachsmuth v. Penn Mut. Life Ins. Co.,* 231 Ill. 29.

The motion to dismiss the appeal is denied and the decree of the county court is affirmed.

*Affirmed.*