Ducker v. Wear & Boogher Dry Goods Co.

45   153
145s  653

## Jennet Ducker and George A. Ducker
## v.
## Wear & Boogher Dry Goods Co.

*Jurisdiction—Appellate Courts—Freehold.*

This court has no jurisdiction of a controversy involving a freehold, and it does not matter that the question of freehold in a given case is only one of law to be determined from a plea filed.

[Opinion filed June 24, 1892.]

Appeal from the Circuit Court of Will County; the Hon. George W. Stipp, Judge, presiding.

Messrs. Hill, Haven & Hill, for appellants.

Messrs. Donahoe & McNaughton, for appellee.

Per Curiam. This was a case wherein the appellants were interpleaders in an attachment suit wherein appellee was attaching creditor of John J. Ducker, on an attachment issued out of the Will County Circuit Court, and wherein it had levied on the real estate in question claimed to be the property of John J. Ducker. Appellants, by leave of the court, filed their plea of interpleader under Sec. 29, Chap. 11, R. S. 1874, page 157, wherein they claim a freehold interest in the said real estate, by virtue of the last will and testament of James Ducker, deceased. The will accompanies the plea. The appellee demurred to the plea of interpleader, the court sustained the demurrer and entered judgment in the attachment against the defendant in attachment. The issue raised by the plea and the will, which was a part of it, was, did the will give appellants an interest in the real estate, that was a present and vested interest in the property levied on as that of John J. Ducker, paramount to all interests of the latter?

The objection is raised by appellee that no appeal or writ of error would lie to the Circuit Court to or from this court, under Sec. 8 of the Appellate Court Act, Chap. 110, R. S., for the reason that a freehold is involved. We must hold with appellee on that question. We think a freehold is directly involved. The demurrer calls upon the court to decide whether or not appellants have a present vested interest in the land superior to any and all claim of John J. Ducker, who, it is claimed, has a vested remainder in the real estate levied on.

It is true, in deciding upon appellants' title, the interest of John J. Ducker comes into consideration, but only as an incident to the question of appellants' title. It does not matter that the question of freehold in this case is only one

of law, to be determined from the plea itself.  The statute makes no distinction whether such question to be decided be one of law or fact.

In neither case does this court have jurisdiction.  Monroe v. Van Meter, 100 Ill. 347.

The motion to dismiss is therefore sustained and the appeal dismissed.

*Appeal dismissed.*