JENNET DUCKER *et al.*

*v.*

THE WEAR & BOOGHER DRY GOODS COMPANY.

*Filed at Ottawa, June 19, 1893.*

1. APPEAL—*whether freehold is involved—attachment of land.* As between an attaching creditor and the defendant in attachment no freehold is involved, though the defendant's land may be levied on under the writ. In that case the plaintiff does not seek to get the title to the land, but to establish a lien thereon for the amount of his debt.

2. But when land is attached as the property of the defendant, and a third person intervenes and denies the title of the defendant in the attachment, and claims such land adversely, and a demurrer is filed and sustained to the interplea, an appeal from the order sustaining the de-

murrer involves a freehold, and an appeal to the Appellate Court will be properly dismissed.

3. A freehold is not only involved when the necessary result of the judgment or decree is, that one party gains and the other loses a freehold estate, but also when the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue.

4. SAME—*freehold defined.* A freehold may be defined as an estate in real property, of inheritance or for life, or the term by which it is held.

5. ATTACHMENT—*interpleader—sufficiency.* An allegation in a plea of interpleader to an action by attachment, which is levied on real estate, that the attachment debtor has no "present or existing leviable interest" therein, is equivalent to an averment that he has no freehold estate in the land attached.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will County; the Hon. GEORGE W. STIPP, Judge, presiding.

June 22, 1891, defendant in error, Wear & Boogher Dry Goods Company, commenced suit in attachment in the Circuit Court of Will county against John J. Ducker. The attachment writ, issued on the same day, was duly returned by the sheriff of Will county, levied June 22, 1891, upon "all the right, title and interest of John J. Ducker," in certain real estate situated in Will county, Illinois. October 3, 1891, by leave of court, Jennet Ducker and George A. Ducker, plaintiffs in error herein, filed a plea of interpleader in said cause, both in their own right and as executors of the last will and testament of James Ducker, deceased, in which they averred, in substance, that the only interest, or supposed interest, of the said John J. Ducker in and to the premises upon which the attachment writ was levied in said cause, was under and by virtue of the last will and testament of said James Ducker, deceased, a copy of which will was attached to said interpleader; that said interpleaders were the same Jennet Ducker and George A.

Ducker, and the said John J. Ducker was the same John J. Ducker mentioned in said last will and testament; that under said last will and testament the said Jennet Ducker, in her own right, and the said Jennet Ducker and George A. Ducker, as executors of the last will and testament of James Ducker, deceased, had a present vested interest in the property levied upon under said writ of attachment, and that the said John J. Ducker had no present or existing leviable interest in the real estate levied upon at the time of said levy; and said interpleaders prayed that the levy under said attachment writ might be quashed.

To this plea of interpleader the Wear & Boogher Dry Goods Company demurred and prayed that the plea be dismissed.   The Circuit Court, by its order entered February 9, 1892, sustained the demurrer and dismissed said plea. Plaintiffs in error duly excepted, and prayed an appeal to the Appellate Court of the Second District.   The Appellate Court, by its order entered June 24, 1892, dismissed that appeal, on the ground that it had no jurisdiction, a freehold being involved.   The plaintiffs in error now seek in this court the reversal of such order of the Appellate Court.

The will referred to is that which is set out and discussed in *Ducker et al.* v. *Burnham et al.*, in which the opinion was filed on June 19, 1893.   (146 Ill. 9.)

Messrs. HILL, HAVEN & HILL, for the plaintiffs in error.

Messrs. DONAHOE & McNAUGHTEN, for the defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

The Appellate Court properly dismissed the appeal on the ground that a freehold was involved.   As between the plaintiff below, the attaching creditor, and the defendant, John J. Ducker, no freehold was involved.   Where an attachment suit is begun, and the attachment writ is levied

upon land, the plaintiff does not seek to get the title to the land, but to establish a lien thereon for the amount of his debt.  It is true that, if nothing is done to arrest the suit, it will ultimately result in the loss of whatever title the debtor may have to the land; and yet no freehold is involved in such case, because the debtor may defeat the object of the suit, and prevent a disturbance of his title, by paying the amount of the lien sought to be enforced against it.  The statute does not include all cases where the litigation may result in a loss of the freehold, but will not necessarily do so, nor does it include all cases where the freehold is directly affected by the judgment or decree. But here the interpleader and the demurrer thereto present a preliminary question which it is necessary to settle, before it can be determined whether the plaintiff has a right to proceed with the enforcement of a lien against the land. That preliminary question relates to the debtor's title to the land, and arises out of an issue which necessarily involves a freehold.

A freehold is not only involved where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, but also where the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue.  *Malaer* v. *Hudgens,* 130 Ill. 225; *Sanford* v. *Kane,* 127 id. 591. In the case of *Monroe* v. *Van Meter,* 100 Ill. 347, where an interpleader was filed in an attachment suit by a third person claiming title to the land levied upon, we said: "In an ordinary attachment, where a levy is made upon real estate, it is plain that a freehold would not be involved.  But in this case, after the writ had been levied on the real estate involved, appellees, who were not parties to the proceeding, appeared, as they had the right to do,  *  *  *  and interpleaded, claiming to own the property.  *  *  *  It will be observed, that under the pleadings the issue made and to be determined by the evidence was one of title to

the land levied on.   *   *   *   A freehold is always involved in an action where the title to the land is presented and in issue between the parties." The decision in the *Van Meter* case is precisely applicable to the case at bar, and here, as there, it must be held that a freehold is involved.

We do not regard it as material that the issue here presented is one of law rather than fact. The statute makes no such distinction. The demurrer to the interpleader raised the question whether the interpleaders had a present vested interest in the property levied upon, and, as an incident thereto, whether the attachment debtor had a "present or existing leviable interest" therein. Counsel say there is no averment in the interpleader, that the debtor had no freehold estate in the land attached. We think such averment is involved in the allegation, that he had no "present or existing leviable interest" therein. Section 8 of the Attachment Act provides, that the officer "shall without delay execute such writ of attachment upon the lands, tenements   *   *   *   of the debtor, or upon any lands or tenements in and to which such debtor has or may claim any equitable interest or title." (1 Starr & Cur. Stat., 313). As the lands to be levied upon must be those to which the debtor has title, either legal or equitable, a leviable interest in land must be a legal or equitable title to land; and to determine whether the debtor has a leviable interest is to determine whether or not he has a title. A freehold has been defined to be "an estate in real property, of inheritance, or for life, or the term by which it is held." ( *Gage* v. *Scales*, 100 Ill. 218.)

The judgment of the Appellate Court dismissing the appeal is affirmed.               *Judgment affirmed.*