LESSER FRANKLIN

*v.*

LOAN AND INVESTMENT CO. OF NORTH AMERICA *et al.*

*Filed at Ottawa October 29, 1894.*

| 152 | 345 |
| 161 | 189 |
| 152 | 345 |
| 163 | 139 |
| 61a | 588 |
| 152 | 345 |
| 165 | 232 |
| ·152 | 345 |
| a188 [1] | 85' |
| 152 | 345 |
| e105a | 64 |

APPEALS TO SUPREME COURT—*freehold must be involved in errors assigned.* Where a freehold is involved in the original decree, but not in the points assigned for error, the appeal must be taken to the Appellate Court.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM G. EWING, Judge, presiding.

Messrs. NEWMAN & NORTHRUP, for the appellant.

Messrs. BATES & HARDING, for the appellees.

Mr. JUSTICE BAKER delivered the opinion of the court :

Lesser Franklin, appellant, filed his bill in equity, and made the Loan and Investment Company of North America, R. S. Tuthill, trustee, and James A. McDonald, defendants thereto. The suit, as between appellant and McDonald, involved a freehold, but as between appellant and the Loan and Investment Company and its trustee the only question was, whether or not the freehold estate in the hands of appellant was liable to the lien of a certain deed of trust executed to Tuthill, as trustee, to secure an indebtedness due from McDonald to the company. In respect to the controversy between complainant and McDonald, the decree of the Superior Court of Cook county was in favor of the former, but in respect to the controversy between him and the company and its trustee it was against him. From that portion of the decree that was in favor of the Loan and Investment Company and Tuthill, appellant took this appeal, and his assignments of error question the decretal orders in that portion, only.

It is insisted by appellees that the appeal should have been taken to the Appellate Court, and that this court is without jurisdiction to entertain it. This insistence must prevail. We have held in several cases, that where a freehold is involved in the original decree, but not in the points assigned for error, the appeal should be to the Appellate Court, and not to this court. *Cheney* v. *Teese,* 113 Ill. 444 ; *Walker* v. *Pritchard,* 121 id. 221 ; *Malaer* v. *Hudgens,* 130 id. 225 ; *Moore* v. *Williams,* 132 id. 591.

The appeal is dismissed at the cost of appellant. Leave is given him to withdraw the record, abstract and briefs from the files, so that he may, if he shall be so advised, sue out a writ of error from the Appellate Court.

*Appeal dismissed.* .