MARTIN L. FIELDS, Admr.

*v.*

SUSAN E. COKER *et al.*

*Filed at Mt. Vernon April 1, 1896.*

APPEALS AND ERRORS—*administrator's petition to sell land to pay debts does not involve freehold.* The Supreme Court has no jurisdiction of an appeal in a partition suit in which the only question involved is the ruling upon an application of an administrator for leave to sell lands to pay debts, as no freehold is involved.

APPEAL from the Circuit Court of Hamilton county; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

This was a bill brought by Susan E. Coker and others, children and heirs-at-law of Joshua Biggerstaff, deceased, against Elizabeth A. Mitchell, (whom Biggerstaff left as his widow,) and her husband, Jesse Mitchell, and Martin L. Fields, administrator *de bonis non* of the estate of Biggerstaff, for partition of the west half of the north-east quarter of section 22, township 5, south, range 7, east, and 5.58 acres in the south-east corner of the north-east

quarter of the north-west quarter of section 22, in same township and range. Biggerstaff died on June 27, 1873, seized of the lands above described and other lands in Hamilton county.

Martin L. Fields, administrator *de bonis non* of the estate of Joshua Biggerstaff, Laura B. Fields, Susan E. Fields, Elizabeth A. Mitchell and Jesse Mitchell, answered the bill, in which they admit that Biggerstaff died seized of said real estate, and left Elizabeth A. Biggerstaff (now Elizabeth A. Mitchell) his widow, and his heirs, as alleged in the bill; allege that said real estate was occupied by Biggerstaff as his homestead at the time of his death; that he was a householder and head of a family; that Elizabeth A. Mitchell was his wife, and resided with him upon said land at the time of his death, and that she has continued to reside upon and occupy said land as her homestead all the time since, and now occupies the same; that all of said real estate did not exceed in value $1000 at the time of the death of Biggerstaff, and never has since been of greater value than $1000.

In addition to the answer, Martin L. Fields, administrator *de bonis non* of the estate of Joshua Biggerstaff, filed a cross-petition for a decree to sell real estate to pay debts, amounting, as claimed, to $597.10, and still remaining unpaid against the estate. To the cross-petition the complainants in the original bill put in an answer, in which they admit that Silas Biggerstaff, the former administrator, fully administered, accounted for and paid out the proceeds of all personal and real estate of deceased except the homestead, and allege that he paid all indebtedness of said estate, and deny that there is any legal indebtedness against said estate or that the estate is indebted to Laura B. and Susan E. Fields; admit the heirship as set up in the bill and cross-petition, and deny the right to a decree for sale to pay debts.

On the hearing in the circuit court, on the pleadings and evidence, the court entered a decree dismissing both

the bill and the cross-bill, to reverse which Martin L. Fields, administrator *de bonis non,* alone appealed.

T. B. STELLE, and J. R. CROSS, for appellant.

A. M. WILSON, and ISAAC H. WEBB, for appellees.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

It will be observed that the complainants in the original bill have not appealed nor have they assigned cross-errors. So far as their rights are involved they are content with the decree of the circuit court. Martin L. Fields, administrator *de bonis non* of the estate of Joshua Biggerstaff, is the only person who has appealed, and he alone seeks to reverse the decree denying his application for leave to sell real estate to pay debts. The first question to be determined is whether he has the right to appeal to this court, or is the case one where the Appellate Court only has jurisdiction.

Section 8 of the Appellate Court act provides: "The said Appellate Courts created by this act shall exercise appellate jurisdiction only, and have jurisdiction of all matters of appeal or writs of error from the final judgments, orders or decrees of any of the circuit courts, or the Superior Court of Cook county, or county courts, or from the city courts, in any suit or proceeding at law or in chancery, other than criminal cases not misdemeanors, and cases involving a franchise or freehold or the validity of a statute. Appeals and writs of error shall lie from the final orders, judgments or decrees of the circuit and city courts, and from the Superior Court of Cook county, directly to the Supreme Court, in all criminal cases and in cases involving a franchise or freehold or the validity of a statute." Under this statute, unless a freehold was involved the appellant could not appeal to this court, but was required to go to the Appellate Court. It may be conceded that a freehold was involved in the

original bill for partition, but neither that bill nor the decree rendered in regard to it is involved in the case now before us, and hence the fact of a freehold being involved in the original bill has no bearing on the question of jurisdiction in this case. This principle is settled by *Franklin* v. *Loan and Investment Co.* 152 Ill. 345, where we held, that where a freehold is involved in the original decree, but not in the points assigned for error, the appeal must be taken to the Appellate Court. See, also, *Moore* v. *Williams*, 132 Ill. 591, where the same rule is declared.

The question then recurs, whether, on an application for leave to sell lands to pay debts, where no question in regard to the title to the land is raised by any party to the suit, a freehold is involved. There was no question here in regard to the title to the land. The only question before the court, so far as appellant was concerned, was whether debts existed unpaid against the estate of Joshua Biggerstaff, which had been properly allowed, for the payment of which he, as administrator, was entitled, under the statute and laws, to sell lands of which said Biggerstaff died seized. In a proceeding to foreclose a mortgage a freehold is not involved, although the land is ordered sold to pay the debt. (*VanMeter* v. *Thomas*, 153 Ill. 65.) As between an attaching creditor and the defendant in attachment no freehold is involved, although the defendant's land may be levied on under the writ. (*Ducker* v. *Wear & Boogher Dry Goods Co.* 145 Ill. 653.) Upon the same principle no freehold was involved in the application in this case. If any one of the parties to the bill had appeared and set up that the title was not in Joshua Biggerstaff at the time of his death but that another person was seized of the land, and an issue of title had been presented, then a freehold would have been involved and an appeal would properly have come to this court. But such was not the case. No issue of title was made in the circuit court and none was determined.

The appeal will be dismissed.          *Appeal dismissed.*