DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

## DURING THE YEAR 1904.

---

### City of Mattoon v. Sara E. P. Noyes.

1. FREEHOLD—*when, involved.* A freehold is involved within the meaning of the constitution and the statutes where the necessary result of a judgment will be that one party will gain and the other lose a freehold estate, or where the title is so put in issue by the pleadings that the determination of the case necessarily requires a decision of such issue.

2. FREEHOLD—*when, involved.* A freehold is involved where the question at issue is whether particular land was dedicated as a street, and this is true regardless of whether the claim that the dedication was by a statutory or through a common law source.

Proceeding to enjoin construction of sidewalk. Appeal from the City Court of Mattoon; the Hon. LAPSLEY C. HENLY, Judge, presiding. Heard in this court at the November term, 1903. Appeal dismissed. Opinion filed March 16, 1904.

ANDERSON STEWART, for appellant; ANDREWS & VAUSE, of counsel.

JAMES F. HUGHES, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a bill in chancery by appellee, alleging that Francis V. Noyes died seized in fee of a certain tract of land lying east of the extension of the middle line of 14th street, in the city of Mattoon; that by his last will and tes-

tament said Francis V. Noyes devised said land to complainant and Francis V. Balch, in trust for the support of complainant, with full power to sell and convey the same free from such trust and giving them generally as full power as though absolute owners thereof; that in pursuance of the power vested in them by said will, the complainant and said Balch, on the second day of April, 1894, by survey and plat duly executed, acknowledged and certified, platted said tract of land into lots, blocks, streets and alleys, which said plat was presented to and accepted by the city council of the city of Mattoon; that, afterwards, said Balch departed this life, and afterwards, and before any lots or blocks were sold in said platted tract, complainant, as surviving trustee, executed and acknowledged a deed of vacation of said survey and plat, whereby the force and effect of said plat was destroyed and the public divested of all rights therein, and whereby she became reinvested of all her rights therein as surviving trustee and now has the possession and control thereof; that notwithstanding the declaration of vacation aforesaid, and notwithstanding complainant's possession, the city council of the city of Mattoon passed an ordinance for the construction of a sidewalk on a portion of said tract under the claim that the same is a public street; that in pursuance of said ordinance, a contract has been let for the construction of a concrete sidewalk of the depth of eighteen inches and of the width of six feet, and that the contractors have excavated the soil for the purpose of constructing said sidewalk, and that they threaten and intend to proceed with the construction notwithstanding the protest of complainant. The bill prays that the city of Mattoon and the contractors named be perpetually enjoined from constructing said sidewalk. Appellant answered the bill, admitting its allegations with respect to the death of Francis V. Noyes, the powers conferred on complainant and her co-trustee by his will, the execution, acknowledgment and certification of the survey and plat, but denying that before any lots were sold in said platted tract, complainant executed and acknowledged a deed of vacation thereof, and avers other matters in support

of its contention that said plat was never legally vacated. The cause was heard on the bill, answers and proofs and a decree entered perpetually enjoining the defendants from constructing the sidewalk in question, predicated upon the adjudication that the deed of vacation executed by complainant was effectual to deprive the city of Mattoon of all its rights in the streets and alleys in said tract of land acquired by virtue of the survey and plat. This appeal is prosecuted to reverse such decree.

Appellee files her motion to dismiss the appeal on the ground that it involves a freehold and the consequent want of jurisdiction in this court to entertain it. "A freehold is involved, within the meaning of the constitution and the statute, where the necessary result of the judgment is that one party gains and the other loses a freehold estate, or when the title is so put in issue by the pleadings that the determination of the case necessarily requires a decision of such issue." Prouty v. Moss, 188 Ill. 84. Whether the dedication by appellee of the ground set apart for public use as streets and alleys was a statutory dedication whereby the legal title thereto would vest in the municipality, or a common law dedication, whereby the legal title would remain in the original owner, charged, however, with the same rights and interests in the public which it would have if the fee was in the municipality, a perpetual easement, the decree in this case necessarily involves a freehold. In Chaplain v. Commissioners of Highways, 126 Ill. 264, it was held that "a perpetual easement in lands or any interest in lands in the nature of such easement, when created by grant, or by any proceeding which is in law equivalent to a grant, constitutes a freehold."

By this decree appellee has recovered title in fee to ground platted as streets and alleys or freed it of a perpetual easement by virtue of her deed of vacation, and appellant has lost such title or perpetual easement. City of Mt. Carmel v. McClintock, 53 Ill. App. 554.

The appeal to this court is dismissed.

*Appeal dismissed.*