### Christian F. Poll et al. v. Mary Cash et al.

1. FREEHOLD—*when involved for purpose of appeal.* A freehold is involved, within the meaning of the constitution and statute, where the necessary result of the judgment is that one party gains and the other loses a freehold estate, or when the title is so put in issue by the pleadings that the determination of the case necessarily requires a decision of such issue.

2. FREEHOLD—*when involved.* A freehold is involved in a bill to construe a will where the question to be determined is·as to whether one of the parties to the bill has or has not an estate for life in premises described.

Bill in equity. Error to Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1907. Transferred to the Supreme Court. Opinion filed November 22, 1907.

SMITH & JUNGEREICH, for plaintiffs in error.

F. M. & H. I. GREEN, for defendants in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Christian Poll died testate June 10, 1892, leaving his last will and testament, as follows:

"this 26 may 1892
this indenture made this 26 may 1892 the will of Christian poll the. Said christian poll dos appoint mary poll as executor and administrator of said esstate Situated Champaign County Illinois the north hafe of South west fractional quarter of Section six

16 in township eighteen 18 north of range eight 8 east of 3 ne p. m., and containing Sixty eight 50-100 68 50-100 acres more or less Said Christian poll bequeses all his land and personal property to his wife as long as she may live to rais and suport the younger children and when the youngest child becomes of age the land to be sold and equeal devided among six children except he share of Said land and personal property as situated in tolono tonship State of Illinois this to remain in full fierce.

                                        CHRIST POLL.
witness WM. SCHNABEL
          F. HUNDEREDPFUND.
   witness my hand and Seal this 26 day may 1892.
               JOHN S. MAGEE a notary.
   My heirs is John poll; georg Poll, christ poll minny poll eme poll frankey poll."

January 28, 1907, plaintiffs in error, Christian F. Poll, John Poll and George Poll filed their bill in equity to construe said will and praying for the appointment of a trustee to sell the real estate involved, and divide the proceeds.

The bill alleges that a dispute has arisen in reference to the construction of said will; that plaintiffs in error contend that the intention of the testator was to give to his wife Mary Poll, now Mary Cash, a limited estate to be determined upon the arrival of the youngest child at his majority, and that upon his arrival at the age of twenty-one years the land should be sold and the proceeds thereof equally divided among the lawful heirs of the testator, and one Minnie Poll, the daughter of his said wife; that the defendant in error Mary Poll, now Mary Cash, insists that under said will she is entitled to a life estate; that defendants in error, Frank Poll and Minnie Bialeschki, who is a daughter of Minnie Poll, deceased, are minors.

A demurrer to the bill interposed by defendant in error, Mary Cash, was sustained by the court and plaintiffs in error electing to abide their bill, a decree was entered dismissing the same for want of equity.

This writ of error is prosecuted to reverse such decree.

The jurisdiction of this court to consider and determine the case is challenged by defendant in error, Mary Cash, upon the ground that a freehold is involved. A freehold is involved, within the meaning of the constitution and the statute, where the necessary result of the judgment is that one party gains and the other loses a freehold estate, or where the title is so put in issue by the pleadings that the determination of the case necessarily requires a decision of such issue. City of Mattoon v. Noyes, 113 Ill. App. 111. An estate for life in lands is a freehold estate. Ducker v. The Wear & Boogher Dry Goods Co., 145 Ill. 653; Nevitt v. Woodburn, 175 Ill. 376.

The bill in the case at bar alleges that the defendant in error, Mary Cash, claims a life estate in the land devised by the testator, and that plaintiffs in error claim that the estate of said Mary Cash in said lands is determinable upon the arriving at majority of the youngest child, and the prayer of the bill is that the will of the testator be construed to give the said Mary Cash a less estate than an estate for life. A construction of the will, therefore, necessarily requires the consideration and determination of the question whether or not defendant in error, Mary Cash, has an estate for life in the land therein described. We are of opinion that the issue presented by the bill in this case involves a freehold and that this court is without jurisdiction to consider and determine the same.

In conformity with the provision of section 102 of the Practice Act (Laws of 1907, 464) the clerk of this court is directed to transmit the transcript of the record and all files in this case to the clerk of the Supreme Court, to which court this cause is transferred.

*Transferred to Supreme Court.*