## Grace Smith Robertson et al., Appellants, v. H. H. Guenther et al., Appellees.

### Gen. No. 5,092.

APPEALS AND ERRORS—*when freehold involved.* If the question at issue is as to whether a deed conveys a vested or contingent remainder, a freehold is involved, notwithstanding no issue is made as to the present right of possession.

Bill for injunction. Appeal from the Circuit Court of Bureau county; the Hon. RICHARD M. SKINNER, Judge, presiding. Heard in this court at the October term, 1908. Transferred to Supreme Court. Opinion filed March 24, 1909.

H. M. and CAIRO A. TRIMBLE, for appellants.

HARRIS & HERLOCKER, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

In 1893, Henry C. Smith and wife conveyed certain real estate in Bureau county, the words of grant being as follows: "convey and warrant to Alice Robertson during her natural life and at her death to her children surviving her, share and share alike." Alice Robertson, the life tenant, executed a lease for twenty-five years and other papers authorizing her grantees to re-

move sand and gravel from a certain part of said premises, and they entered and began that work.

The appellees are said grantees or their assigns. Alice Robertson is still living. The appellants are two of her four living children. They filed this bill against the appellees to enjoin the commission of waste, and had a temporary injunction. On a final hearing the injunction was dissolved and the bill was dismissed for want of equity. Complainants below prosecute this appeal.

The litigated question was whether the words in the deed "at her death to her children surviving her" gave to the appellants a vested remainder or a contingent remainder. Appellees concede that if appellants have a vested remainder they are entitled to the injunction. Appellants appear to concede that if their interest is a contingent remainder they cannot maintain the bill. The court below decreed that they had a contingent remainder.

In this state of the record appellees contend that a freehold is involved and that we have no jurisdiction. Appellants contend that a freehold includes the idea of a present right to possession, and that they are not asserting a present right to possession, and that therefore no freehold is involved. From the law upon this subject as laid down in 1 Washburn on Real Property, 6th Ed., sections 124 to 127, inclusive, we conclude that this position is not well founded. When the cases of Ducker v. Burnham, 146 Ill. 9, and Ducker v. Wear and Boogher Dry Goods Co., 145 Ill. 653, are considered together, it will be found that the latter case is decisive of this question. By the will of James Ducker, set out in the case in 146 Ill., he gave his real and personal estate to his wife for her life, and gave his two executors, of whom his wife was one and his son George the other, power to sell and convey, and gave his estate in remainder to be equally divided between his five children after the death of his wife. John J. Ducker was one of these five children. In the

case in 145 Ill. a creditor of John J. Ducker had attached his interest in real estate so left to him in remainder by the will of his father, the said James Ducker, deceased. The widow and George, in their own right and as executors, filed an interplea in that case claiming that under the will they had a present vested interest in the real estate levied upon, and that John J. Ducker had no present or existing leviable interest in said real estate, and they prayed that the levy under the attachment might be quashed. The creditor demurred to that interplea and the demurrer was sustained and the plea was dismissed. The executors appealed to this court, and we dismissed that appeal on the ground that a freehold was involved, and that we had no jurisdiction. Ducker v. Wear and Boogher Dry Goods Co., 45 Ill. App. 153. The case in 145 Ill. 653 was an appeal to the Supreme Court from that decision. The question really litigated was whether John J. Ducker had a vested or a contingent remainder. The life tenant was still alive and John J. Ducker was not entitled to possession. It was held that a freehold was involved, and that we therefore did not err in dismissing the appeal. In Golladay v. Knock, 235 Ill. 412, the main question was whether certain parties took a vested or contingent remainder under a certain will. An appeal was prosecuted from the Circuit Court directly to the Supreme Court and the latter court took jurisdiction, thus in effect holding that a freehold was involved. We are therefore of opinion that we are without jurisdiction to determine the main question litigated in this case. An order will therefore be entered transferring the cause to the Supreme Court pursuant to the provisions of section 102 of the Practice Act of 1907.

*Transferred to the Supreme Court.*