HARVEY H. ATHERTON, Admr., Appellee, *vs.* HARRY W. HUGHES *et al.* Appellants.

*Opinion filed April 23, 1909.*

APPEALS AND ERRORS—*when freehold is not involved in proceeding to sell land to pay debts.* A freehold is not involved in a proceeding by an administrator to sell land to pay claims allowed against the estate, where the title to the land is not controverted and the only effect of the decree is to subject the land to sale for payment of the claims, since payment thereof will relieve the land from all of the effects of the decree.

APPEAL from the Circuit Court of Fulton county; the Hon. R. J. GRIER, Judge, presiding. ·

MARVIN T. ROBISON, for appellants.

LUCIEN GRAY, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal by Harry W. Hughes and Joseph M. Hedrick from a decree of the circuit court of Fulton county directing Harvey H. Atherton, administrator *de bonis non* of the estate of William Hughes, deceased, to proceed according to law and sell twenty-three acres of land of which said William Hughes died seized, or so much thereof as might be necessary to pay the unpaid claims against said estate.

A freehold is not involved in an ordinary proceeding by an administrator to sell real estate to pay claims allowed against an estate where the only effect of the decree is to subject the lands to sale for the payment of the claims, since the payment thereof would relieve the lands from all the effects of the decree. (*Fields* v. *Coker,* 161 Ill. 186; *Richie* v. *Cox,* 188 id. 276; *Frier* v. *Lowe,* 207 id. 410.) The title to the real estate sought to be subjected to sale may be controverted, and if that is so, a freehold is involved. The cases of *Lynn* v. *Lynn,* 160 Ill. 307, and *Sutton* v. *Read,* 176 id. 69, were of that character, and the litigated question in each was whether the decedent owned the land. In this case the petition alleged that William Hughes died seized of the lands in question and the answer admitted the seizin. Not only was the ownership admitted by the answer, but the finding of the master was not objected or excepted to, and the argument for appellants now is that the court erred in entering the decree, because the grant of letters of administration to the petitioner was void and the claims were not valid claims and the claimants were barred from maintaining the action by *laches.* The freehold is not involved in this case and the appeal should have been taken to the Appellate Court.

The clerk of this court will transmit the transcript and all files in the case to the clerk of the Appellate Court for the Third District, to which court the appeal is transferred.

*Appeal transferred.*