Alfred Duckworth et al., Appellants, v. Thurman H. Francis et al., Appellees.

Gen. No. 5296.

1. APPEALS AND ERRORS—*upon what assignments cannot be predicated.* A party cannot complain of the failure of the court to assign dower to a widow if such widow does not complain and such failure by the court does not affect such party.

2. ADMINISTRATION OF ESTATES—*effect of setting aside administrator's sale of real estate.* If a sale by an administrator to the widow of the deceased owner is set aside, such widow becomes entitled to payment of the claims which become liquidated and discharged as the result of the purchase by her.

Bill to set aside deed, etc. Appeal from the Circuit Court of Stark county; the Hon. L. D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1909. Affirmed in part, reversed in part and remanded with directions. Opinion filed March 11, 1910.

**Statement by the Court.** Alfred Duckworth and others, children and heirs at law of Henry Duckworth, deceased, filed an original bill to set aside an administrator's deed made to Rozelia Duckworth, together with a deed made by Rozelia Duckworth to Thurman H. Francis, and praying for a partition and an assignment of dower to Rozelia Duckworth in the property described in said deeds. Thurman H. Francis and Rozelia Duckworth answered the original bill, and filed a cross bill praying that if the deeds be held void, then that the court direct a re-sale by the master in chancery and that the proceeds be paid to the cross-complainants.

The original bill alleges that Henry Duckworth was the father of the first eight named complainants and the grandfather of the two last named complainants and that he died intestate, in Stark county, seized in fee of an estate of homestead of the value of $1,000, in the south half of lot 23, and all of lot 24, in block 2, in Castle's addition to the town of Wyoming, in Stark

county, which real estate is of the value of $4,000; that
on May 4, 1905, William R. Sandham was appointed
administrator of the estate of Henry Duckworth, and
that afterwards on May 15, 1906, the administrator
filed in the County Court of Stark county a petition
for an order to sell said homestead to pay the debts
of the deceased, to which petition the complainants and
Rozelia Duckworth, the widow, were named defend-
ants; that on May 15, 1906, a summons returnable to
the July term was issued to the sheriff of Stark county
against the defendants therein named, and was re-
turned by the sheriff served on all the defendants ex-
cept Matilda Eagelston, Henry Duckworth and Leroy
Duckworth; that on May 15, 1906, a summons for Ma-
tilda Eagelston, returnable to the July term, was
issued to the sheriff of Cook county, which was re-
turned by the sheriff of Cook county duly served; that
an affidavit of non-residence was made as to the de-
fendants, Henry Duckworth and Leroy Duckworth,
and publication and posting of notices was made as to
them; that at the August term, 1906, the complainants
in this suit were defaulted for failure to answer the
petition of the administrator; that an order for the
sale of the real estate to pay debts was entered and the
sale was thereafter advertised, and said homestead
was sold by said administrator to Rozelia Duckworth
for the sum of $1,000 and a deed executed by the ad-
ministrator conveying said homestead estate to her,
and that thereafter a final report was made in said
estate and the administrator discharged; that there-
after Rozelia Duckworth by warranty deed for the
consideration of $1,900 conveyed said real estate to
Thurman H. Francis, wherein the grantor released her
homestead; that Rozelia Duckworth thereafter de-
parted from the state of Illinois, and abandoned her
homestead, and that Francis is in the possession of the
whole of said premises claiming to own the same; that
neither dower nor homestead has ever been set off to
the widow Rozelia Duckworth; that no other summons

was ever issued out of the County Court in said proceedings and that said summonses were void as to the complainants; and that the decree of sale, the sale and conveyance based thereon, are void and a cloud on complainants' title to said homestead estate in said premises; that Rozelia Duckworth was the owner of all interest in said real estate except the estate of homestead of the value of $1,000 at the time she conveyed said premises to Francis, and the record of the deed to Francis so far as it purports to convey the homestead is a cloud on the title of complainants thereto; that Francis owns all of said premises except the estate of homestead above described, and each of the complainants owns an undivided ninth part of said estate of homestead of the value of $1,000, except Henry Duckworth and Leroy Duckworth, who own together an undivided one-ninth of said homestead estate, and that the complainants' interests are subject to the right of dower of Rozelia Duckworth therein. The bill prays that the deed may be set aside as clouds upon the complainants' title and that partition may be made, and said widow's dower may be set off to her. Copies of the summonses described in the bill and the returns thereon are attached as exhibits. A demurrer to the bill was overruled, and the defendants answered admitting the allegations of the bill, except the allegations of the invalidity of the summonses and of the deeds, which are denied, and also stating that complainants have no right or interest in the estate of homestead in said premises, and insisting that the administrator's deed is valid and the proceedings on which it is based are in due and legal form. The answer also stated that the personal estate of Henry Duckworth amounted to $236.75 and that the homestead was sold for $1,000, making the total estate of the deceased $1,236.75; that there is a widow's award of $810; that claims were allowed for funeral expenses and other debts amounting to $394.52 and that the costs of administration were $165.75, making a total

indebtedness of $1,327.27; that no other estate came into the hands of the administrator, and a sale of said homestead estate was necessary to pay debts, and the answer denies that complainants are entitled to any relief. The defendants in the original bill also filed a cross-bill alleging that Henry Duckworth in his life-time was the owner in fee simple of all the real estate described in the original bill, and that on April 11, 1904, he conveyed said premises to his wife Rozelia Duckworth, and that at the time of such conveyance Henry Duckworth and his wife Rozelia occupied the premises as their homestead, and in consequence thereof the estate of $1,000 was not conveyed to the wife; that Henry Duckworth and Rozelia had no children but that Henry Duckworth had children by a former marriage, who are the defendants to the cross-bill but none of whom lived with Henry Duckworth, and that all said defendants were of legal age at the time of the conveyance of Henry Duckworth to his wife. The cross-bill then sets up the same statement are set forth in the original bill and in the answer to the original bill, and the same facts with reference to the sale to pay debts, etc., and the conveyances described in the original bill. It alleged that among the claims against the estate of Henry Duckworth is the of facts concerning the estate of Henry Duckworth as widow's award of $810 and the claim of Rozelia Duckworth for $366.52, of which claim $200 was for funeral expenses paid by her, and there was also added the claim in favor of undertaker Holgate for $28, and that the personalty appraised at $219.75 was taken by the widow on her award, and there was only $17 of other personal estate; that the cross-complainant Rozelia bid in the estate of homestead at the administrator's sale for $1,000 but did not pay any money to the administrator for the reason that the estate still owed her $193.75 balance of her award and claims allowed after the $1,000 and the personal estate were exhausted; that she paid the administrator $193.75, being

the amount required to pay the Holgate claim and the costs of administration, and there is still a balance due her of $133.52; that the claims allowed against the estate are just and have not been paid except as above set forth; that the said Rozelia Duckworth conveyed the premises to Francis by a warranty deed and is bound by her covenants of warranty and if the administrator's deed and sale are void she will be bound to pay her grantee $1,000 and costs of suit and the claims in the County Court would all remain unpaid; that when she conveyed said premises to Francis she gave him security in the sum of $1,000 in order to protect him against any suit or loss by reason of any suit on the part of the complainants, which security is still held by Francis; that if such sale and conveyance should be set aside the cross complainants are entitled to affirmative relief by the court ordering a re-sale of the homestead for the purpose of paying the debts allowed by the County Court and the costs of administration in the estate of Henry Duckworth; and prays accordingly. The defendants to the cross-bill demurred to it; the demurrer was overruled and the defendants abiding by the demurrer, a decree was entered that the sale of the estate of homestead was null and void for the reason that the parties had not been served with legal process as required by the statute and that the administrator's deed to Rozelia Duckworth and the deed of Rozelia Duckworth to Francis were void, and that the claims of Rozelia Duckworth, for her widow's award and for money paid out and allowed by the Probate Court, have not been paid or satisfied except by said sale and turning of the amount bid by her in payment of her claim, and that she received no money in payment of her claims and that she is legally liable on her covenants of warranty to Francis and also on account of the security given by her to Francis to protect him. The decree further finds that the estate of homestead in said premises is vested in the complainants and that the claims of

Rozelia Duckworth have not been paid and that the estate of homestead should be sold and the proceeds applied towards the payment of the claims of Rozelia Duckworth and the undertaker as allowed by the County Court and directs that said estate of homestead be sold, etc.

The complainants in the original bill appeal from the decree, and assign for error, that the court erred: (1) in overruling the demurrer to the cross-bill; (2) in refusing to decree partition and assignment of dower as prayed for in the original bill; (3) in finding that the claims allowed in the County Court had not been paid and in ordering a re-sale to pay debts, and (4) in dismissing the original bill.

V. G. FULLER, for appellants.

A. P. MILLER, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The bill prays to have an administrator's deed of real estate that was owned by Henry Duckworth at the time of his death, with a deed made by the grantee in the administrator's deed of the same premises to Thurman H. Francis, set aside on the ground that the administrator's sale was void, because of want of jurisdiction of the parties, the statute requiring summons in such proceedings to be made returnable to the first term after the petition is filed unless less than ten days shall intervene between the filing of the petition and the first day of the succeeding term. The petition was filed May 15, 1906, and the summonses were made returnable to the July term, whereas they should have been to the June term.

The court found that the process was void, that the County Court did not obtain jurisdiction of the parties in the proceeding to sell real estate to pay debts, and

decreed that the deeds were void and found the title of the homestead estate of Henry Duckworth to be in the complainants in the original bill, who are also the defendants in the cross-bill.

The court found for the complainants in the original bill all that they prayed for in their bill except that the court refused to decree partition and did not order the assignment of dower to the widow. No question as to the jurisdiction of this court has been raised by either appellants or appellees. While the appellants argue that the court erred in not ordering the assignment of dower which the widow is entitled to after she had abandoned the homestead, yet they cannot well be heard to raise the question as the widow acquiesces in the decree, and the failure to assign dower does not injure the appellants. The appellants by none of the assignments of error raise any question concerning the costs. They have obtained all and more than they claim, so far as the title is concerned, and there is nothing for them to appeal from in that regard. Gray v. Jones, 178 Ill. 169; Fields v. Coker, 161 Ill. 186. The court did not decree partition, because it found that the debts of Henry Duckworth had not been paid, and decreed that the estate of homestead of Henry Duckworth of which the fee simple title was in Henry Duckworth, and which the widow had abandoned, should be sold to pay the debts. The demurrer admits that the widow had an award of $810 and a claim of $394.52 for funeral expenses and other claims paid by her, which the County Court had allowed, on which she had only received $219.75. When the deed to her was set aside for which she had paid by crediting the purchase money on her award and claims allowed, equity in setting aside her deed would hold that her claims were not paid. She is not asking to be subrogated to the rights of other parties but only that her just claims allowed against the estate be paid. The widow received from the sale neither the land nor any proceeds thereof, and when the sale is set aside her

claims remain undischarged.    Lagger v. Mutual Loan & Building Assn., 146 Ill. 283; Ebelmesser v. Ebelmesser, 99 Ill. 541.    It is a maxim of equity that he who comes into equity for relief must do equity.    It would be unconscionable to set aside the administrator's deed and find at the same time that the claims of the widow, the purchaser of the property, had been paid by the making of the deed when she had received nothing.

The court properly decreed a re-sale of the property to pay the claims of Rozelia Duckworth.    We are of the opinion, however, that the court erred in dismissing the original bill and in decreeing costs against appellants, in as much as the deeds were held to be void under that bill and the title was found to be in appellants, subject to the payment of the debts, and appellees do not question the title of appellants.

So much of the decree as dismisses the bill at their costs is reversed; the remainder of the decree is affirmed; and the cause is remanded with directions that the costs in the trial court be paid out of the first proceeds of the sale, and the remaining proceeds be applied so far as required to the payment of the claims of Rozelia Duckworth, and the remainder, if any, divided amongst the complainants according to their respective interests.

*Affirmed in part, reversed in part, and remanded with directions.*