(No. 11889.—Cause transferred.)

JOSEPH BRAYSHAW, Admr., Appellee, *vs.* JOHN E. TRIS-
LER, Appellant.

*Opinion filed February 20, 1918.*

APPEALS AND ERRORS—*when freehold is not involved.* No free-
hold is involved in an ordinary proceeding by an administrator to
pay debts nor where the question for determination is as to the
existence of a lien upon land.

APPEAL from the County Court of Champaign county;
the Hon. ROY C. FREEMAN, Judge, presiding.

GREEN & PALMER, (WILLIAM G. PALMER, and ORIS
BARTH, of counsel,) for appellant.

DOBBINS & DOBBINS, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the
court:

This is an appeal from a decree of the county court of
Champaign county ordering a ten-acre tract of farm land to
be sold to pay certain claims allowed as debts against the
estate of Giula P. Thompson, deceased. She died intestate,
a resident of Champaign county, on November 28, 1910.
At that time she was the owner in fee simple of the ten
acres of land here in question and of an undivided two-
thirds interest in a twenty-acre tract. The original inven-
tory filed in her estate stated that she was the owner in fee
simple of all the thirty acres but that H. C. Parrish and
H. R. Parrish claimed some interest therein. She left her
surviving her husband, Joseph H. Thompson, and four sons
and two daughters. One of her sons, James P. Thompson,
was on December 14, 1910, appointed administrator of her
estate and duly qualified. Some time later he joined with
his father and a brother and sister in instituting partition
proceedings in the circuit court of Vermilion county, which
culminated in a decree for partition of said thirty acres of

land. The commissioners in the partition proceedings reported that the thirty-acre tract was not susceptible of partition, and fixed the value per acre of the north ten acres (the property here in question) at $195, the middle ten acres at $190 and the south ten acres at $185. The premises were thereupon ordered sold by the master in said partition proceedings. He first tried to sell the tracts separately and received no bids therefor. He then put the entire thirty-acre tract up, and appellant, John E. Trisler, became the purchaser at $200 an acre and paid for the tract $6000 in cash. The sale was approved by the circuit court, and the master in chancery on June 16, 1914, executed a deed of said thirty acres to Trisler. In the partition proceedings no reference was made to there being any unpaid debts of Giula P. Thompson and no provision was made by the decree of the circuit court for the payment of claims, although James P. Thompson was a party to the proceedings. Trisler at once entered into possession of said land and paid the taxes for 1914 and each year since that date. The petition in this case to sell the north ten-acre tract which Trisler had purchased as part of the thirty-acre tract was filed February 26, 1917. The county court found in the proceedings to sell real estate to pay debts that there was still due and owing by the estate of Giula P. Thompson, $699.37, made up of the following claims:

*Claims Allowed*

| Claim Number | Claimant | Amount of Claim |
|---|---|---|
| No. 2722 | Joseph Brayshaw............... | $324.95 |
| No. 2723 | Joseph Brayshaw............... | 100.05 |
| No. 3089 | Elizabeth Morse............... | 89.95 |

*Claim Not Allowed But Pending*

| Claim Number | Claimant | Amount of Claim |
|---|---|---|
| No. 3081 | Chas. H. Wallace, Admr......... | $184.42 |

The original administrator, James P. Thompson, son of the deceased, acted as such from the time of his appointment until he resigned, February 2, 1917. He had previously removed from the State, and Dr. Joseph Brayshaw on November 20, 1914, on his own petition, was appointed administrator *de bonis non.* Thereafter, in December of the same year, Brayshaw filed his first petition for the sale of this real estate, which, on objection of appellant, Trisler, was dismissed, the court holding that sufficient statutory notice had not been given to the former administrator in regard to the previous citation issued against him, praying that he be required to turn over the estate and make his final report. During the hearing as to this original petition to sell to pay debts the former administrator filed his final report showing no personal property and a balance due the administrator of $32.80. After Thompson had resigned Brayshaw was appointed administrator *de bonis non,* qualified as such and undertook the settlement of the estate, and it was on his petition that the decree here in question was entered. The real estate in question was first inventoried by the first administrator in his inventory filed May 27, 1913. The two claims in favor of Brayshaw were filed, respectively, August 9, 1911, and April 22, 1912. On this last mentioned date the claim of Elizabeth Morse was filed. All three of these claims were allowed by the court as against the estate of Giula P. Thompson by the consent of the then administrator, who was a son of deceased, May 26, 1913. Claim No. 3081, for balance on grocery account, was filed April 17, 1912, and allowed March 4, 1915, by consent of Brayshaw, then acting as administrator *de bonis non.*

The only reason for bringing this case directly to this court is that a freehold is involved. In an ordinary petition by an administrator to sell real estate no freehold is involved. (*Frier* v. *Lowe,* 207 Ill. 410; *Wachsmuth* v. *Penn Mutual Life Ins. Co.* 231 id. 29.) Where the question is as to the existence of a lien on land no freehold is

involved, for the proceedings may be stopped by the lien being paid off. There is no dispute that the land was owned at the time of her death by Giula P. Thompson. The only question in controversy is whether the land is subject to the lien of her unpaid debts. Under the reasoning of this court in *Wachsmuth* v. *Penn Mutual Life Ins. Co. supra,* no freehold is here involved. (See, also, to the same effect, *Becker* v. *Fink,* 273 Ill. 560.) The appeal should have been taken to the Appellate Court.

The cause will therefore be transferred to the Appellate Court for the Third District. *Cause transferred.*