George W. Peters et al., Appellees, v. Esther A. Peters, Executrix of Last Will and Testament of Mary A. Peters, Deceased, Appellant.

Gen. No. 9,935.

Heard in this court at the October term, 1943. Opinion filed February 16, 1944.

Jacob Cantlin, of Rock Falls, for appellant.

Ward & Ward, of Sterling, for certain appellee.

J. J. Ludens, of Sterling, for certain other appellees.

Mr. Justice Wolfe delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Whiteside county, Illinois, in which it ordered that the fees and expenses incurred by Esther A. Peters, as executrix of the last will and testament of Mary A. Peters, deceased, in defending a contest to determine

the validity of the will of said deceased, are payable out of the corpus of the estate, and not out of the income from the same. The court ordered said executrix to pay Ward Thompson and George W. Peters, the appellees herein, each a one-sixth part of the income of said estate now in the executrix' hands.

George W. Peters, the appellee, filed his petition in the county court of Whiteside county stating that Esther A. Peters, the executrix, had, without notice to the other parties in interest, allowed claims against the estate of his mother in the amount of $5,545.49, including therein claims to the amount of $4,077.50 for attorney fees in defending the will of Mary A. Peters; that said claims were not filed until after the statutory period for filing claims had expired. The petition prays that the order allowing said claims be vacated, and prays for a partial distribution of the income from rents in the hands of the executrix. Ward Thompson and Laura Thompson, also appellees, filed a similar petition in the same court stating that they were assignees of the interest of James H. Peters in his mother's estate and prayed for similar relief. The court granted the prayer of the petition and disallowed the claim for attorney fees, and ordered a partial distribution of the income derived from the demised premises. Esther A. Peters perfected an appeal to the circuit court, which sustained the findings of the county court and entered a decree in conformity therewith. It is from this decree that this appeal is prosecuted.

Mary A. Peters died leaving a last will and testament which was duly admitted to probate in the county court of Whiteside county, Illinois. Esther A. Peters was named executrix in said will. She qualified, and is now acting in that capacity. The testatrix in her will provided for the payment of all lawful debts and expenses, including that of her last illness, her funeral expense and expenses of administration. She made

some bequests to certain grandchildren, but they are not involved in this appeal. Paragraph 4, of the will is as follows: "I give, devise and bequeath to my said daughter, Esther A. Peters, in trust for the use and benefit of my son George W. Peters, an undivided one-fourth interest in and to the rest, residue and remainder of my estate, real, personal and mixed and wherever situated, after the payment of the foregoing bequests in paragraph 2 of this my will, and after the payment of the debts and expenses as aforesaid, she to pay the net profits, rents and income from said undivided one-fourth interest to said George W. Peters annually so long as he shall live." Then follows in paragraph 4 an identical clause providing for the payment of the income from one-fourth interest to James H. Peters, a son of the deceased, and to Mabel Peters Carpenter, a daughter of the deceased. The will then provides that after the death of George W. Peters, James H. Peters, and Mabel Peters Carpenter, title to the shares which have been given in trust to Esther A. Peters for the benefit of her brothers and sister shall be vested absolutely in Esther A. Peters.

It is stipulated by the parties that the net income turned over to the executor, by the temporary trustee, is $7,485.46; that there are other assets in the estate, namely, two farms aggregating 360 acres, from which the income turned over by the temporary trustee to the executrix was derived, and that said two farms are the only assets of the estate remaining; that certain claims have been paid out of the personal property, which are not included in the amounts stipulated herein.

The circuit court decreed that any fees and expenses allowed by the county court in connection with the defending of the will contest shall be payable from the corpus of the estate, and that the amount of such allowance and the procedure thereof, remain subject to the adjudication by the county court in due course of

administration; that the executrix shall distribute to Ward Thompson and George W. Peters each, one sixth of the income of the trust received by her, and retain the balance of said income subject to further order of the county court.

The sole question involved in this appeal relates to the decision of the trial court in holding that the fees and expenses incurred by Esther A. Peters, as executrix of the last will and testament of Mary A. Peters, deceased, in defending the will of said deceased in the contest thereof, should be paid from the corpus of the estate, and not from the income of the trust, and that part of said income be distributed to Ward Thompson and George W. Peters.

From the statements of the litigants, facts appear that are not disclosed by the pleadings in the case. The record does disclose that the executrix has on hand the income from the farms in the sum of $7,485.46. The time it has taken to accumulate this amount, does not appear in the record. Neither does the abstract show when Mary A. Peters died, or when her will was admitted to probate. It does appear that George W. Peters filed a bill in chancery to contest the validity of his mother's will and that the suit is still pending. It is stated by the litigants that the case has been tried twice, and is still not concluded.

It is insisted by the appellant that the large attorney fees were caused by George W. Peters in filing the will contest, and that is one reason why the expenses of the will contest should be paid from the income of the mother's estate. In the case of *State Bank of Chicago v. Gross,* 344 Ill. 512, a legatee under the will had filed a suit to contest the will. The question arose as to when the legacy, which was from the income of the trust fund, should be paid to him. The executor and trustee claimed the delay in payments was on account of the will contest by the legatee. The court there said: "There is no law which penalizes a legatee if

he is unsuccessful in a will contest. He does not file a bill to contest a will at his peril unless some clear provision to that effect is found in the will itself. The executor has no authority to impose a penalty upon the legatee who sought a larger estate by a will contest, as he is powerless to change any of the directions of the will, which still remain in force." We find no merit in appellant's contention that the will contest should have any bearing upon how the income should be distributed.

The appellant has quoted from the case of *Industrial Trust Co. v. Harrison,* 67 R. I. 131, 21 A. (2d) 254 as supporting their contention. The court in their opinion uses this language: "By the first question we are asked whether the executors may, under the will, properly pay executors' and attorneys' fees, now owed, from the income which has been collected since the testator's death and which is now held by them, or may later be so held, for the benefit of the said two minor children. Ordinarily, such fees are, in the absence of a contrary intent on the testator's part, payable out of the principal of the estate being administered, if sufficient, and not out of the income therefrom." The court then say, "from an examination of the will in question, we think that it was the intent of the testatrix that the expenses incurred in the estate should be paid out of the income rather than to sell any of the stock, or credits from which the income must be derived to be paid to any of the beneficiaries under the will." The appellees agree with the Rhode Island case in the statement of the rule as a general proposition, but claim in the present case that there is nothing in the will of Mary A. Peters to indicate that she desired any expenses for the contest of the will to be paid out of the income of her estate that she had given to her children.

It is argued that the executrix in the present case has a self interest in this litigation and is trying to

have the expenses of the will contest paid from the income rather than from the corpus, because the corpus of the estate eventually goes to her and if it is paid from the corpus, it will diminish the value of her estate; while, if it comes from the income, three fourths of the expenses would come from the other legatees in her mother's will. Our attention has not been called to any part of the will of Mary A. Peters that indicates in any way her intention to have such expenses paid from the income rather than from the corpus of the estate. Certainly it cannot be said that Mary A. Peters, at the time she executed the will, anticipated that one of the beneficiaries named in the will would file a contest to have the same declared invalid.

It is held in *State Bank of Chicago v. Gross,* 344 Ill. 512, that unless a contrary intention appears in the will, a beneficiary of the income from a certain fund given to a trustee, is entitled to said income from the time of the testator's death. It will be presumed that at the time Mary A. Peters executed her will, she had this provision of the law in mind, that her children were entitled to this income from the date of her death. It was given for the express purpose to provide an income for her children. It is our conclusion that to allow the contention of appellant in this case, would be to enrich the residuary legatee by income from the trust fund which would not properly belong to the residuum of the estate.

The court properly held the debts created by the executrix in defending the will contest, should be a charge against the corpus of the estate, and that the income should be distributed as directed. The decree of the trial court is affirmed.

*Affirmed.*