(No. 31387.—Cause transferred.)
ESTHER A. PETERS, Exrx., Appellee, *vs.* GEORGE W.
PETERS *et al.*, Appellants.

*Opinion filed March 22, 1950.*

WARD & WARD, of Sterling, for appellants.

JACOB CANTLIN, and SAMUEL RUBIN, both of Rock
Falls, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Mary A. Peters, a widow, died testate on September 6,
1938, leaving surviving, as her only heirs-at-law, four chil-
dren, Esther A., James H., and George W. Peters, and
Mabel Peters Carpenter, and six grandchildren, the latter
being the children of two deceased sons. At the time of
her death, Mary Peters was the sole and undisputed owner
of a farm of approximately 360 acres in Whiteside County.
After providing for the payment of her debts and making
small bequests to certain grandchildren, she devised an un-
divided one-fourth interest in the farm to Esther Peters.
In succeeding clauses of her will, she devised three un-
divided one-fourth interests in the farm to Esther Peters
in trust for her three other living children for the duration
of their respective lives, each interest held in trust to pass

to Esther Peters, individually, upon the death of the particular beneficiary. Esther Peters was also named as executrix of the will.

Subsequently, the other children of the testatrix engaged in considerable litigation with the executrix. The first trial, in the circuit court of Whiteside County, of their action to contest the will, resulted in a verdict for the executrix and a decree dismissing the complaint. On appeal, the decree was reversed and the cause remanded for a new trial. (*Peters v. Peters,* 376 Ill. 237.) Upon the second trial, the jury disagreed. Thereafter, the Appellate Court determined that the debts incurred by the executrix in defending the will contest were properly chargeable against the *corpus* of the estate rather than the income earned during the pendency of the litigation. (*Peters v. Peters,* 321 Ill. App. 357.) The validity of the will was finally sustained in a decree entered by default in December, 1946.

On November 24, 1947, the executrix filed a petition in the county court of Whiteside County to sell real estate to pay debts. George Peters and Mabel Carpenter filed a joint answer admitting that the testatrix owned the farm in fee simple at the time of her death and objecting to the proposed sale upon the ground of *laches,* averring that the petition was filed more than seven years after the death of the testatrix and that the delay was not satisfactorily explained. James Peters answered, suggesting that the real estate be mortgaged rather than sold. The county court found that the personal estate was insufficient to pay debts in the amount of $14,139.24 and directed the executrix to sell the real estate, or as much thereof as necessary, to pay the debts and expenses of administration of the estate. George Peters and Mabel Carpenter prosecute a direct appeal, presumably on the theory that a freehold is involved. James Peters has not joined in the appeal.

Ordinarily, an order directing an executor or administrator to sell real estate to pay debts does not involve a freehold because the heirs or devisees of the decedent may effectively avoid a disturbance of their title by providing sufficient funds to discharge the obligations and expenses of the estate. (*Atherton* v. *Hughes,* 239 Ill. 632; *Wachsmuth* v. *Penn Mutual Life Ins. Co.* 231 Ill. 29; *Thomas* v. *Waters,* 213 Ill. 141; *Frier* v. *Lowe,* 207 Ill. 410; *Richie* v. *Cox,* 188 Ill. 276; *Fields* v. *Coker,* 161 Ill. 186.) As stated in the *Atherton case,* "A freehold is not involved in an ordinary proceeding by an administrator to sell real estate to pay claims allowed against an estate where the only effect of the decree is to subject the lands to sale for the payment of the claims, since the payment thereof would relieve the lands from all the effects of the decree." In short, where the title to property is not at issue, no freehold is involved because the order authorizing a sale does not necessarily result in one party gaining or the other party losing a freehold estate.

Cases of this character involving a freehold are largely restricted to those where the title to a freehold estate is directly put in issue by objections made upon the ground that the decedent, at the time of his death, did not have title to the real estate sought to be sold. (*Smith* v. *Pelz,* 384 Ill. 446; *Howe* v. *Brown,* 287 Ill. 532; *In re Estate of Stahl,* 227 Ill. 529; *Sutton* v. *Read,* 176 Ill. 69; *Lynn* v. *Lynn,* 160 Ill. 307.) A freehold may also be involved where a sale has been held and objections are made to the confirmation of the sale, since the purchaser will, in all events, either gain or lose a freehold estate. *Anderson* v. *Anderson,* 338 Ill. 309. See: *Barnard* v. *Michael,* 392 Ill. 130.

In the case at bar, however, there is no dispute as to the title to the real estate ordered to be sold and, no sale having been held, the title of a purchaser is not involved.

510

The only controversy is whether the land is subject to the payment of the debts of the estate, and this does not involve a freehold because the payment of the debts would relieve the land of all the effects of the decree. *Atherton* v. *Hughes,* 239 Ill. 632; *Thomas* v. *Waters,* 213 Ill. 141.

The cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*