(No. 36064.—

*In re* ESTATE OF WILLIAM F. LAUSTERER.—(ANNA R. LAUSTERER BROWN, EXRX., Appellant, *vs.* ANNA R. LAUSTERER BROWN *et al.*, Appellees.)

*Opinion filed December 1, 1960.*

WILLIAM J. BACH, of Bloomington, (KEITH E. FRY, of counsel,) for appellant.

KAYWIN KENNEDY, of Bloomington, for appellees Fred J. Lausterer *et al.;* COSTIGAN, WOLLRAB & YODER, of Bloomington, (FRED W. WOLLRAB, of counsel,) for appellee Catherine Benjamin; RICHARD T. DUNN, of Bloomington, guardian *ad litem,* for minor defendants-appellees; and KEITH E. CAMPBELL, of Bloomington, guardian *ad litem,* for persons not in being.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The executrix of the will of William F. Lausterer, deceased, commenced this action in the probate court of McLean County by filing a petition to mortgage or sell the real estate of the testator. The petition alleges that the testator died seized of the real estate in question and claims

a deficiency of personal assets to pay taxes and estimated costs of administration alleged to be obligations against the estate. Answers were filed by all defendants denying the material allegations of the petition but admitting the testator's ownership of the real estate. A counterclaim was filed by all defendants jointly alleging matters concerning the executrix's control or possession of personal assets belonging to the estate which have not been inventoried. The allegations of the counterclaim were denied in a subsequent answer of the executrix.

The probate court heard evidence on the issues made by the pleadings and entered an order finding that the burden of paying the obligations of the estate was shifted to Anna R. Lausterer Brown in her individual capacity as beneficiary under the terms of clause 1 of the will, providing: "I give to my daughter, Anna R. Lausterer (Brown) all of my personal property of which I may die seized and possessed, absolutely, upon the condition that she is to pay all of my just debts, funeral expenses, costs of administration, Federal Estate taxes, income taxes, general taxes and all my doctor bills, and shall care for me as she has done, for the rest of my life." The petition was dismissed and the executrix has appealed to this court on the theory that a freehold is involved.

It is well settled that a petition to sell land to pay debts, where title is not in dispute, does not involve a freehold. This is based on the fact that the heirs or devisees may avoid a disturbance of their title by providing sufficient funds to discharge the obligations of the estate. (*Peters* v. *Peters*, 405 Ill. 507; *Brayshow* v. *Trisler*, 282 Ill. 405; *Atherton* v. *Hughes*, 239 Ill. 632; *Wachsmuth* v. *Penn Mutual Life Ins. Co.* 231 Ill. 29.) As was pointed out in *Smith* v. *Condo*, 19 Ill.2d 228, this court has no jurisdiction upon direct appeal unless a freehold is involved in the question to be determined on review, "even though a freehold may lurk in the middle distance."

The issue for review is primarily whether there is in fact a deficiency in personal property. We therefore lack jurisdiction. Appellant's reply brief implies that by transferring this appeal, we would, in effect, be passing upon the issues. Such is not the case. We have decided only that a freehold is not involved, thus leaving all other matters for consideration by the appropriate court.

The cause is, accordingly, transferred to the Appellate Court for the Third District.

*Cause transferred.*